# EXHIBIT D

Troy M. Yoshino, No. 197850
Eric J. Knapp, No. 214352
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, CA  94104
Telephone:     415.989.5900
Facsimile:     415.989.0932
e-mail: tyoshino@cbmlaw.com

Attorneys for Defendant BMW of North America, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM NGUYEN, and CHRIS CLYNE, *individually and on behalf of all others similarly situated,*<br>Plaintiffs,<br>v.<br>BMW OF NORTH AMERICA, LLC, and DOES 1 THROUGH 100, INCLUSIVE,<br>*Defendants.* | Case No. 3:10-cv-02257-SI<br>**AGREEMENT OF SETTLEMENT**<br><br>Hon. Susan Illston |

This Settlement Agreement is made and entered into by and between the Representative Plaintiffs and Class Counsel, on behalf of themselves and the Settlement Class, and Defendant BMW of North America, LLC ("BMW NA" or "Defendant") to settle and compromise the Litigation and settle, resolve, and discharge the Released Claims, as those terms are defined below, according to the terms and conditions herein.

WHEREAS, BMW NA is a limited liability company organized under the laws of the State of Delaware and is engaged in the business of, among other things, distributing BMW brand vehicles;

WHEREAS, plaintiffs allege in the Litigation that BMW NA became aware of distinct defects in two separate components of the N54 engine: the high pressure fuel pump ("HPFP") and the turbocharger wastegates.  With respect to the HPFP, Plaintiffs allege that it contains certain defects causing it to fail prematurely.  With respect to the turbocharger wastegates, Plaintiffs

allege that they contain certain defects resulting in noisy operation and/or "turbo lag."   Plaintiffs contend that BMW NA had a duty to disclose this information to consumers;

WHEREAS, BMW NA denies all of the material allegations made by plaintiffs in the Litigation and denies any wrongdoing or liability of any kind.  Among other things, BMW NA believes that the extended warranty and recall it decided to initiate before the Litigation and the Related Class Actions commenced more than adequately resolve any issues relating to the claims in those cases.  BMW NA also denies that the turbocharger wastegates in the vehicles at issue contain defects.  BMW NA further believes that it has, at all times, complied with all applicable federal and state laws;

WHEREAS, the parties have vigorously litigated their respective positions in connection with all aspects of the Litigation;

WHEREAS, as a result of more than a year of litigation the parties are thoroughly familiar with the factual and legal issues presented by their respective claims and defenses and recognize the uncertainties as to the ultimate outcome of the Litigation and that any final result would require years of further complex litigation and substantial expense;

WHEREAS, Class Counsel believe that the claims Plaintiffs have asserted have merit; however, Class Counsel also recognize that (a) it would be necessary to continue prosecuting the litigation against BMW NA through a trial and, even if successful there, through the series of appeals which BMW NA has indicated it would take, including appeals from the class certification order, from any Judgment or from any jury verdict (and any further trials that might be necessary in the wake of an initial appeal), all of which would delay substantially the Settlement Class Members' receipt of benefits from the Litigation, and (b) that there are significant risks in this Litigation, whose outcome is uncertain; therefore, balancing the costs, risks, and delay of continued litigation against the benefits of the settlement to the Settlement Class, Class Counsel have concluded that settlement as provided in this Settlement Agreement will be in the best interests of the Settlement Class as defined herein;

WHEREAS, this Agreement was entered into after extensive arm's-length discussions and negotiations between Class Counsel and counsel for BMW NA on numerous occasions over

**AGREEMENT OF SETTLEMENT**

roughly a year, including a formal settlement conferences before a third-party mediator, the Honorable Daniel Weinstein of Jams San Francisco;

WHEREAS, counsel for BMW NA and Class Counsel agree that the settlement contemplated by this Settlement Agreement is a fair, reasonable, and adequate resolution of the Litigation and Related Class Actions;

WHEREAS, the parties desire to compromise and settle all issues and claims that have been brought, or that could have been brought, against BMW NA in the Related Class Actions;

WHEREAS, the parties desire and intend to seek court approval of the settlement of the Litigation as set forth in this Agreement and, upon such judicial approval, the parties intend also to seek a Final Order and Judgment from the Court dismissing the claims of all Plaintiffs and Settlement Class Members with prejudice;

NOW, THEREFORE, it is agreed that in consideration of the premises and mutual covenants set forth in this Agreement and the entry by the Court of a Final Order and Judgment approving the terms and conditions of the Settlement as fair, adequate and reasonable as set forth in this Agreement, and providing for dismissal with prejudice of the claims asserted in the Litigation under the terms and conditions contained herein.

## 1.  **DEFINITIONS**

As used in this Agreement and the accompanying Exhibits, the following terms have the meanings set forth below.

1.1.  "Attorneys' Fees, Costs and All Other Expenses" means the settlement amounts approved by the Court for payment to Class Counsel to cover attorneys' fees, costs, and all other expenses, including but not limited to incentive awards for any plaintiffs, all costs and expenses of addressing objections and appeals, any claims for attorneys' fees or costs and all other possible expenses, except for those items specifically assigned as Defendant's responsibility under this Agreement.

1.2.  "Class Counsel" means Kershaw Cutter & Ratinoff LLP, Wigington Rumley Dunn, L.L.P., Wexler Wallace LLP, and Babbitt Johnson & Osborne & LeClainche, P.A.

**AGREEMENT OF SETTLEMENT**

1.3.    "Claims Administrator" means the qualified third party selected by the Honorable Daniel Weinstein and approved by the Court to administer the Settlement, including implementation of the Notice Plan.  Upon selection by Judge Weinstein, the Parties agree to recommend that the Court appoint _____ as the Claims Administrator.

1.4.    "Claim Form" means the claim form, with the language and substantially in the form set forth in Exhibit 2 to this Agreement, which form must be timely completed and submitted for a Settlement Class Member to be eligible for reimbursement of out-of-pocket expenses or other compensation under the terms of this Agreement.

1.5.    "Claims Period" means the time during which any Settlement Class Member may submit a Claim Form under the Settlement, which will be ninety (90) days from the date of mailing of the Notice.

1.6     "Claim Validation Process" shall mean the process in which, upon being notified of a conditionally approved Claim by the Claims Administrator, BMW NA will have sixty (60) days from the Effective Date to (i) match the vehicle VIN to the Claim; (ii) determine if the Claim has been previously paid in whole or in part by BMW NA through goodwill payments or warranty payments; (iii) determine if the Settlement Class Member had previously released any claims against BMW NA for HPFP failure or turbo-lag or wastegate failure; (iv) conduct a data search to determine if the Settlement Class Vehicle has previously been involved in an accident; and (v) enter data into the BMW NA warranty database concerning the Settlement Class Vehicle, HPFP and turbocharger wastegates.

1.7.    "Court" means the United States District Court for the Northern District of California.

1.8.    "Defendant" means BMW of North America, LLC.

1.9.    "Defense Counsel" means Defendant's counsel of record in the Litigation, Carroll, Burdick & McDonough LLP.

1.10.    "Effective Date" means the first date by which any Judgment entered pursuant to the Agreement becomes Final.

**AGREEMENT OF SETTLEMENT**

1.11.   "Existing HPFP Recall and Extended Warranty Measures" means those recall and extended warranty measures that Defendant is extending to the Settlement Class with respect to the high pressure fuel pump in the Settlement Class Vehicles.  Namely, Defendant is in the process of (1) ensuring that all Settlement Class Members receive a new-generation high pressure fuel pump and/or a new-generation software update if they respond to the recall notice, Defendant announced in December of 2010, and (2) extending the emissions warranty for the high-pressure fuel pump on Settlement Class Vehicles to 10 years or 120,000 miles, whichever comes first.

1.12.   The Judgment entered pursuant to this Agreement becomes "Final" on the date on which all appellate rights with respect to that Judgment have expired or have been exhausted in a manner that conclusively affirms the Judgment.

1.13.   "In Service Date" means the date a Settlement Class Vehicle is delivered to either the original purchaser or the original lessee; or if such vehicle is first placed in service as a "demonstrator" or "company" car, the date such vehicle is first placed in service.

1.14.   "HPFP Replacement" means replacement of, a Settlement Class Vehicle's high pressure fuel pump, whether installed as original or replacement equipment in any Settlement Class Vehicle, that was, or, but for the existence of time and mileage limitations, would have been, within the scope of the Settlement Class Vehicle's New Vehicle Limited Warranty.  "HPFP Replacement" does not include replacement of a Settlement Class Vehicle's high pressure fuel pump under the recall or a replacement made for reasons having nothing to do with the recall issue.

1.15.   "Judgment" means the Order and Judgment of the Court dismissing this matter with prejudice as to Defendant and approving this Settlement, which order and judgment shall be in a form agreed upon by the Parties.

1.16.   "Litigation" means *Tim Nguyen et al. v. BMW of North America, LLC*, Case No. 3:10-cv-02257-SI.

1.17.   "New Vehicle Limited Warranty" refers to the warranty supplied with the Settlement Class Vehicles.

**AGREEMENT OF SETTLEMENT**

1.18.    "Notice" means the Court-approved form of notice of this Settlement to the Settlement Class, as described in Section 5 below, and substantially in the form of Exhibit 1.

1.19.    "Notice and Claims Administration Expenses" means all reasonable costs and expenses incurred in connection with preparing, printing, publishing, and mailing the Notice, as well as processing claims and administering the Settlement.

1.20.    "Notice Plan" means the plan for disseminating Notice to the Settlement Class, which shall include notice by first-class U.S. Mail as described in Section 5 below.

1.21.    "Preliminary Approval Order" means the order to be entered by the Court pursuant to the Settlement, substantially in the form attached hereto as Exhibit 3.

1.22.    "Parties" means the Representative Plaintiffs, on behalf of themselves and the Settlement Class, and Defendant.

1.23.    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and such individual's or entity's spouse, heirs, predecessors, successors, representatives, and assignees.

1.24.    "Proof of Replacement" means, pursuant to the claims procedure described in Section 6 below, proof that an HPFP Replacement was performed on a Settlement Class Vehicle. Such proof shall require that a Settlement Class Member verify all of the following:  (1) VIN; (2) approximate dates of ownership/lease (purchase and disposition dates); (3) number of HPFP Replacements and where the HPFP Replacement(s) occurred (e.g., dealership name/location); (4) approximate date of each HPFP Replacement; (5) description, including any monetary amounts, of any compensation related to an HPFP Replacement outside of the Existing HPFP Recall and Extended Warranty; and (6) a signed claim form under penalty of perjury averring to all facts set forth (except that dates of ownership/lease and dates of the HPFP replacement(s) can be set forth based on best recollection which will be indicated on the claim form).

1.25.    "Related Class Actions" means the following actions:  *Nirmul v. BMW NA*, 10-cv-5586 (D.N.J.), *Weiner v. BMW NA*, 10-cv-6655 (D.N.J.), *Winn v. BMW NA*, 11-cv-0020 (D.N.J.), *Hackett v. BMW NA*, 10-cv-7731 (N.D. Ill.) and *Kotok v. BMW NA*, 10-cv-81254 (S.D. Fla.).

1.26.   "Released Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, suspected or unsuspected, matured or unmatured, contingent or non-contingent, concealed or hidden from existence, asserted or unasserted, or based upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of different or additional facts, that any Representative Plaintiff or Settlement Class Member has or may have against the Released Persons arising out of or related in any way to the subject matter of this Action, but do not include claims for personal injury or damage to a Settlement Class Member's Settlement Class Vehicle resulting from HPFP or turbocharger wastegate failure.

1.27.   "Released Persons" means Defendant BMW of North America, LLC, Bayerische Motoren Werke Aktiengesellschaft, BMW Financial Services, Inc., BMW Manufacturing Co., LLC, all BMW Group companies, all manufacturers and assemblers of Settlement Class Vehicles, and each of their component parts, including, but not limited to the companies supplying the aforementioned companies with components, their parent companies, subsidiary companies, affiliated companies, divisions and suppliers, any importer of the Settlement Class Vehicles in the US or its territories, any and all authorized BMW dealers and distributors, and any other person or entity who in any way placed the Settlement Class Vehicles or any of its components in the stream of commerce, all persons and entities who worked on or repaired the Settlement Class Vehicles, all persons and entities with any lien on the Settlement Class Vehicle, and the past, present and future officers, directors, shareholders, employees, predecessors, affiliates, parents, subsidiaries, partners, insurers, administrators, agents, servants, successors, trustees, vendors, subcontractors, independent contractors, attorneys, representatives, heirs, executors, experts, consultants, and assigns of all of the foregoing persons and entities.

1.28.   "Representative Plaintiffs" means the named plaintiffs in the Litigation, i.e., Tim Nguyen and Chris Clyne.

1.29.   "Settlement" means the settlement set forth in this Agreement.

**AGREEMENT OF SETTLEMENT**

1.30. "Settlement Class" means all Persons in the United States who are now or have been at any time owners of record or lessees of any of the following types of vehicles: BMW Model Years 2007–2010 335i models; Model Years 2008–2010 135i, 535i and X6 xDrive35i Sports Activity Coupes; Model Years 2009 – 2010 Z4 Roadster sDrive35i vehicles.

Excluded from the Settlement Class are:

a)      Persons who validly and timely exclude themselves from the Settlement Class, using the procedure set forth in Paragraph 7.3;

b)      Persons who have settled with and released Defendant from individual claims substantially similar to those alleged in this matter;

c)      A member of BMW NA, its subsidiaries and affiliates, officers, directors and employees;

d)      Persons who have suffered personal injury as a result of the defects alleged;

e)      Insurers or other providers of extended service contracts or warranties for the Settlement Class Vehicles;

f)      All Persons or entities claiming to be subrogated to the rights of the Settlement Class;

g)      Consumers and/or business that have purchased Class Vehicles for use as rentals (i.e. fleet vehicles);

h)      Consumers and/or businesses that have purchased Class Vehicles deemed a total loss (i.e. salvage);

i)      United States residents that have purchased Class Vehicles in the United States but have since transported the Class Vehicle outside the United States; and

j)      The Honorable Judge Susan Illston.

1.31. "Settlement Class Member" means a Person who falls within the definition of the Settlement Class.

1.32. "Settling Parties" means, collectively, the Defendant, the Representative Plaintiffs, and all Settlement Class Members.

1.33.    The plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be.

### 2.    DENIAL OF WRONGDOING AND LIABILITY

2.1.    Defendant denies the material factual allegations and legal claims asserted by the Representative Plaintiffs in the Litigation, including, but not limited to, any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.

### 3.    THE BENEFITS OF SETTLEMENT

3.1.    Class Counsel has satisfied its due diligence duty to the Settlement Class, and conducted a thorough examination and investigation of the law and facts, including confirmatory discovery relating to the matters set forth in the class action complaint and any amendments thereto giving rise to this Settlement and the claims set forth therein.  Class Counsel and the Representative Plaintiffs recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the Litigation against Defendant through trial and appeals.  Class Counsel also took into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this nationwide class action Litigation, as well as the difficulties and delays inherent in such litigation.  Class Counsel are mindful of the inherent problems of proof of, and possible defenses to, the claims asserted in the Litigation.  Class Counsel believe that the proposed Settlement confers substantial benefits upon the Settlement Class.  Based on their evaluation of all of these factors, the Representative Plaintiffs and Class Counsel have determined that the Settlement is in the best interests of the Representative Plaintiffs and the Settlement Class.  Arms'-length, adversarial settlement negotiations have taken place between Class Counsel and Defendant over an extended period and, as a result, this Settlement has been reached, subject to Court approval.

### 4.    SETTLEMENT CONSIDERATION

4.1.     Defendant agrees to keep the Existing HPFP Recall and Extended Warranty Measures in place since December 2010.

4.2     Commencing fifteen (15) days after the Effective Date and subject to the exclusion in this subsection, Defendant shall extend by the earlier of 1 year or 12,000 miles the New Vehicle Limited Warranty applicable to the Settlement Class Vehicles to cover any failure in the turbocharger caused by a defect in the wastegates.  Per the terms of the original New Vehicle Limited Warranty, Defendant will not provide warranty coverage to any Settlement Class Vehicle containing modifications or alterations to the turbocharger or its wastegates (software, hardware or otherwise), or evidencing other conditions not normally covered under the New Vehicle Limited Warranty applicable to the Settlement Class Member's Settlement Class Vehicle.  Modifications excluded from warranty coverage include any aftermarket parts that affect the turbocharger system.

4.3.    In addition to the consideration set forth in Paragraphs 4.1 and 4.2 above, upon the Effective Date of the Settlement, for those Settlement Class Members who have incurred actual out-of-pocket costs and provide Proof of Replacement for an HPFP Replacement occurring outside of the Existing HPFP Recall and Extended Warranty, but before 10 years or 120,000 miles after the Settlement Class Vehicle was placed in service, Defendant shall offer to reimburse documented out-of-pocket costs actually incurred for and resulting from an HPFP Replacement for which the claimant provides sufficient Proof of Replacement.  Such out-of-pocket costs will include only the following actual costs: (1) the costs of each HPFP Replacement performed outside of the Existing HPFP Recall and Extended Warranty to the extent paid for by a Settlement Class Member; (2) towing expenses of Settlement Class Vehicles resulting directly from a failure of the high pressure fuel pump; and (3) rental expenses for replacement vehicles up to a maximum of $44 per day.  No costs, expenses or damages other than those described in this subsection shall be reimbursable, including those paid or reimbursed by an insurance company or extended service provider.

4.4.    All Proof of Replacement shall be subject to audit by Defendant, including but not limited to Defendant's right to require any person to bring their Settlement Class Vehicle, if they still own or lease it, to a BMW-authorized dealer for inspection prior to granting any claim.

4.5     In addition, Settlement Class Members who have had HPFP Replacements outside of the HPFP recall will receive at their option either:

(a)     A total payment from BMW NA based on the number of HPFP Replacements obtained outside of the recall according to the following schedule:

| Number of HPFP Replacements | Total Payment |
|---|---|
| 1 | $50 |
| 2 | $100 |
| 3 | $200 |
| 4 | $300 |
| 5 | $400 (capped thereafter) |

Payment will be made in cash (in the form of a check) to each Settlement Class Member who has had an HPFP Replacement outside of the recall and who submits a Proof of Replacement under penalty of perjury.  Settlement Class Members who already have received compensation related to an HPFP Replacement will not be eligible for further payment if the amount of the prior compensation is greater than or equal to the cash value of the settlement payment.

*Or*

(b)     BMW NA agrees to provide an $800 purchase-credit that can be applied to the purchase of a new BMW vehicle only for each Settlement Class Member who has had an HPFP Replacement outside of the recall and who submits a Proof of Replacement under penalty of perjury.  Settlement Class Members who already have received compensation related to an HPFP Replacement will not be eligible for further payment if the amount of the prior compensation is greater than or equal to the cash value of the settlement payment which would be payable under 1(a) above.  The purchase-credit would be valid for 1.5 years (18 months) from the date of issue and would not be transferable.  The purchase-credit can only be used for the future purchase of a new vehicle and may not be applied to a vehicle already owned by the Settlement Class Member.

**a. Notice and Claims Administration Expenses**

4.6.     Defendant will bear all Notice and Claims Administration Expenses to the extent reasonably incurred in accordance with the Notice Plan.

**AGREEMENT OF SETTLEMENT**

**b. Effect on Existing Warranties or Customer Satisfaction Programs**

4.7.    Except as expressly provided herein, nothing in this Agreement will be construed as adding to, diminishing, or otherwise affecting any warranty, duty, or contractual obligation of Defendant in connection with the Settlement Class Vehicles, including but not limited to high pressure fuel pumps and turbocharger wastegates or associated parts, components or subassemblies.  Defendant may continue to effect or implement any customer satisfaction or goodwill policy, program or procedure, during the pendency of the settlement approval proceedings.

**c. Releases**

4.8.    Upon the Effective Date, Representative Plaintiffs and Settlement Class Members, and each of them, forever release, discharge, and covenant not to sue the Released Persons regarding any of the Released Claims, which shall be understood to include all such claims which they do not know of or suspect to exist in their favor at the time of this release and which, if known by them, might have affected their settlement and release of the Released Persons.  With respect to all Released Claims, the Settling Parties stipulate and agree that Representative Plaintiffs and Settlement Class Members shall expressly waive and relinquish Released Claims to the fullest extent permitted by law, including claims covered by: (a) section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release which if known by him or her must have materially affected his or her settlement with the debtor.

and (b) any law of any state or territory of the United States, federal law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code.  The releases set forth in this agreement shall apply even if Representative Plaintiffs and/or Settlement Class Members subsequently discover facts in addition to or different from those which they now know or believe to be true.  Upon the Effective Date, Representative Plaintiffs and Settlement Class Members fully, finally, and forever settle and release any and all of the claims, demands, rights, and liabilities of every nature and description defined as Released Claims, whether known or

**AGREEMENT OF SETTLEMENT**

unknown, suspected or unsuspected, matured or unmatured, contingent or non-contingent, concealed or hidden from existence, asserted or unasserted, or based upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of different or additional facts.  The Settling Parties acknowledge that the foregoing waiver was bargained for and is a material element of the Agreement.

**5.** **Notice to the Settlement Class**

5.1.     The court-approved Claims Administrator shall be responsible for implementing the Notice Plan.  Moreover, as a condition of its retention, the Claims Administrator must agree that (a) it will fulfill all responsibilities and duties assigned to the Claims Administrator under the terms of this Agreement, and (b) Representative Plaintiffs, Class Counsel, Defendant, and the Released Parties reserve all claims and rights for any failure by the Claims Administrator to fulfill its responsibilities and duties.

5.2.     Dissemination of Notice to the Settlement Class shall be accomplished pursuant to the Notice Plan.  The Claims Administrator, along with Class Counsel and Defendant, shall be responsible for, without limitation: (i) arranging for the mailing of Notice in the same form as the exemplar submitted as Exhibit 1 to this Agreement; (ii) responding to requests for the Notice; and (iii) administration of claims as set forth below.

5.3.     The Claims Administrator (and any person retained by the Claims Administrator) shall sign a confidentiality agreement, which shall provide that the names, addresses and other information about specific Settlement Class Members provided by either Defendant, Class Counsel or by individual Settlement Class Members shall all be treated as confidential and shall be used by the Claims Administrator only as required by this Settlement.  Class Counsel and Defendant shall be in agreement on the form and content of the confidentiality agreement discussed in this provision.

5.3.     BMW NA will ensure that, within ten (10) days after this Agreement is filed in Court, the Claims Administrator serves upon the appropriate State official in each State of the

**AGREEMENT OF SETTLEMENT**

United States, and the appropriate Federal official, a notice of the proposed settlement consisting the materials required by 28 U.S.C. 1715 of the Class Action Fairness Act.

5.4.    The Claims Administrator or person(s) under the control and supervision of the Claims Administrator shall mail Notice using the same language and in substantially the same form as the mailed Notice attached hereto as Exhibit 1 by first-class postage prepaid U.S. Mail, to all known original and subsequent owners, and all known original and subsequent lessees, of a Settlement Class Vehicle.  The Claims Administrator will be provided mail address data obtained by Defendant from its warranty and service data, which address data shall be processed by Defendant through the National Change of Address database for the purpose of updating the addresses.  The Claims Administrator will re-send returned notices if an address correction appears on the returned envelope.

5.5.    Together with the Notice, the Claims Administrator shall mail the Claim Form by first-class postage prepaid U.S. Mail to all known original and subsequent owners and  lessees of Settlement Class Vehicles.  The mailed Claim Form shall use the same language and be substantially in the same form as the exemplar submitted as Exhibit 2.  The Claims Administrator shall mail the Notice and Claim Form to the Settlement Class Members within forty-five (45) days of the entry of the Preliminary Approval Order.

5.6.    The Claims Administrator shall also provide a copy of the Notice and/or Claim Form to any Settlement Class Member who requests the Notice and Claim Form.

5.7.    Within ten (10) days after the deadline to mail the Notice and Claim Form to Settlement Class Members in Paragraph 5.5, the Claims Administrator shall provide declarations to the Court, with a copy to Class Counsel and Defendant, attesting to the measures undertaken to provide Notice and Claim Forms to the Settlement Class.  The Claims Administrator upon request shall provide to Class Counsel and Defendant's counsel information and data concerning the claims made, the amount of each claim and related claims information, such that Class Counsel and Defendant's counsel may inspect and monitor the claims process.

AGREEMENT OF SETTLEMENT

**6.      Claims Administration and Claims Procedure**

6.1.     Settlement Class Members who believe they are eligible to receive monetary reimbursement will be directed to send to the Claims Administrator the Claim Form and applicable documentation.

6.2.     All Claim Forms must be submitted within the Claims Period.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any payment pursuant to this Agreement and the Judgment, but shall in all other respects be bound by the terms of this Agreement.  A Claim Form shall be deemed to have been submitted when postmarked, if received with a postmark indicated on the envelope and if mailed first-class postage prepaid and completed in accordance with the instructions contained in this Agreement.

6.4.     Claim Forms that do not meet the requirements set forth in this Agreement and in the Claim Form instructions shall be rejected.  This shall include but is not limited to, failure to accurately provide in good faith Proof of Replacement or any other requested information.

6.5     The Claims Administrator will be responsible for implementing and administering reimbursement claims by Settlement Class Members, including, but not limited to, the following tasks:

        a)      Receive and conduct an initial validation screening of claims to determine timeliness of submission, completeness of the Claim, and completeness of Proof of Replacement or any other requested information; and

        b)      Transmitting all approved Claims to BMW NA for the Claim Validation Process.

6.6     All Claims that the Claims Administrator approves for payment will be transmitted, within fourteen (14) days of receipt of the Claim by the Claims Administrator, to BMW NA for the Claim Validation Process, which BMW NA will complete within sixty (60) days of the Effective Date.  Claims that are incomplete (e.g., because of the lack of adequate Proof of Replacement) or are not approved for payment by the Claims Administrator will not undergo the claim validation process until the Claim is complete.

6.7     Once BMW NA completes the Claim Validation Process, the Claims Administrator is required within fifteen (15) days to send to the Class Member by first class mail either all reimbursements, compensation or purchase credits requested under Paragraphs 4.3 or 4.5 or, if fewer than all requested reimbursements, compensation or purchase credits are approved, a written explanation stating all reasons for refusing to send the reimbursement(s), including steps the Settlement Class Member can take to cure the deficiencies. The approved reimbursements will be paid in the form of a check.

6.8     Any Class Member whose claim is deemed incomplete (e.g., because of the lack of adequate Proof of Replacement), or whose claim is denied in whole or in part will receive a notice from the Claims Administrator by first class mail of a written explanation stating the reasons for refusing to send the reimbursement(s), including steps the individual can take to cure the deficiencies.  The Settlement Class Member receiving such notice will be allowed thirty (30) days from the postmarked date on the notice even if it exceeds the 90-day claims period to submit materials to cure the deficiencies.  Submissions by the Settlement Class Member, if subsequently approved for payment, will be subject to the Claim Validation Process and the procedures outlined in Paragraphs 6.5-6.7.

6.9     In any instance in which the Claims Administrator finally denies a Claim, the Class Member disputing the final determination must first contact BMW Customer Relations to attempt to informally resolve his or her dispute with respect to a denied claim.  If an informal resolution cannot be achieved, all such disputes shall be jointly presented for resolution through binding arbitration before a mutually acceptable arbitrator.  The parties waive their right to appeal the arbitrator's decision, in whole or in part. In the event of arbitration, Class Counsel or the Settlement Class Members shall jointly submit all disputed claims within sixty (60) days after receipt from BMW NA of its rejection of said claims and the basis supporting the rejection.  No disputed claims may be submitted to arbitration unless submitted within the sixty (60) day time frame specified in this paragraph.  BMW NA shall be responsible for the fees of the arbitrator, but not for any attorney's fees incurred by Class Counsel or the Settlement Class Member in connection with such arbitration.

**AGREEMENT OF SETTLEMENT**

6.10.    If the a check or purchase credit issued to a Settlement Class Member under the term of this Agreement is lost or otherwise not cashed within 10 months of the Effective Date, BMW NA shall have no further obligation to make payment or issue a purchase credit to such Settlement Class Member.

6.11.    No monetary reimbursement or other consideration shall be paid to Settlement Class Members pursuant to this Settlement until after: (a) the Effective Date has occurred; *and* (b) a final determination has been made by the Claims Administrator.  All monetary reimbursement and consideration to authorized claimants shall be paid pursuant to this Settlement no later than six months after the Effective Date.

6.12.    If this Settlement is not approved or for any reason the Effective Date does not occur, no monetary reimbursement payments or distributions of any kind shall be made pursuant to this Settlement, except for the cost of Notice and administration incurred if notice already has been provided to members of the Settlement Class.  In such event, any funds deposited by Defendant into any account opened for the purpose of this Settlement shall revert to Defendant, together with all interest on the deposited funds.

**7.        Objections and Requests for Exclusion by Settlement Class Members**

7.1.    Any Settlement Class Member who intends to object to the fairness, reasonableness and adequacy of the Settlement ("Objections") must send a written Objection to the Court and mail a copy to class counsel, the Claims Administrator and Defense Counsel by first-class mail with postage paid.  Objections must be postmarked not later than thirty (30) days after the date of the mailing of Notice.  In his/her Objections, an objecting Settlement Class Member must: (a) set forth his/her full name, current address and telephone number; (b) identify the approximate date of acquisition and Vehicle Identification Number for his/her Settlement Class Vehicle; (c) state that the objector has reviewed the Settlement Class definition and understands that he/she is a Settlement Class Member, and has not opted out of the Settlement Class; (d) set forth a complete statement of all legal and factual bases for any Objection that the objector wishes to assert; and (e) provide copies of any documents that the objector wishes to submit relating to his/her position. Objections must be sent to the Court, and served upon the Claims Administrator and:

**AGREEMENT OF SETTLEMENT**

Upon Defense Counsel at:

> Troy M. Yoshino
> Carroll, Burdick & McDonough LLP
> 44 Montgomery Street, Suite 400
> San Francisco, CA 94104

And upon Class Counsel at:

> William A. Kershaw                Joseph Dunn
> Stuart C. Talley                  Wigington Rumley Dunn, L.L.P.
> Kershaw Cutter & Ratinoff LLP     601 Howard Street
> 401 Watt Avenue                   San Antonio, TX  78212
> Sacramento, CA 95864

7.2.    In addition to the requirements set forth in Paragraph 7.1, objecting Settlement Class Members must state in writing whether the objecting Settlement Class Member intends to appear at the Fairness Hearing(s) either with or without separate counsel.  No Settlement Class Member shall be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Settlement Class Member shall be received or considered by the Court at the Fairness Hearing, unless written Notice of the Settlement Class Member's intention to appear at the Fairness Hearing and copies of any written objections or briefs shall have been filed with the Court and served on counsel for the Parties at the addresses set forth in Paragraph 7.1 on or before thirty (30) days after the date of the mailing of the Notice.  Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

7.3.    Settlement Class Members may elect to exclude themselves from this Settlement, relinquishing their rights to benefits under this Settlement.  Settlement Class Members who exclude themselves from the Settlement will not release their claims under Paragraph 4.8.  A Settlement Class Member wishing to exclude himself/herself from the Settlement must send to the Claims Administrator a letter including: (a) his/her name, current address, and telephone number; (b) identify the approximate date of acquisition and Vehicle Identification Number for his/her

**AGREEMENT OF SETTLEMENT**

Settlement Class Vehicle; and (c) provide a clear statement communicating that he/she elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member and elects to be excluded from any judgment entered pursuant to this Settlement.  Any request for exclusion must be postmarked on or before thirty (30) days after the date of the mailing of Notice.  The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the date specified in the Preliminary Approval Order and Notice, or on such other date set by the Court, shall be bound by all terms of the Settlement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement.

7.4.    Any Settlement Class Member who submits a timely request for exclusion may not file an Objection to the Settlement and shall be deemed to have waived any rights or benefits under this Agreement.

7.5.    The Parties agree that they will not solicit, facilitate, or assist in any way, requests for exclusions or Objections by putative or actual Settlement Class Members.  Class Counsel recognize that they have an obligation to support the Settlement and to seek the Court's approval of its terms.  Class Counsel will abide by all applicable and governing ethical rules, opinions, and obligations precluding their representation of opt outs.

7.6.    Not later than fourteen (14) days after the deadline for submission of requests for exclusion, the Claims Administrator shall provide to Class Counsel and Defense Counsel a complete exclusion list together with copies of the exclusion requests.

7.7    If in excess of 1500 persons who are within the Settlement Class elect to be excluded from the Settlement Class and submit a valid request for exclusion as set forth in Paragraph 7.3, BMW NA shall have the right to withdraw from the Settlement, upon written notice to Class Counsel.

7.8.    Thirty (30) days after expiration of the deadline for objections and/or requests for exclusion from the settlement as approved by the Court and set forth in the Notice, or other such date set by the Court, the Fairness Hearing shall be conducted to determine final approval of the

settlement along with the amount properly payable for Attorneys' Fees and Expenses ("Fairness Hearing"). Upon final approval of the settlement by the Court at or after the Fairness Hearing, the Parties shall present the Final Order and Judgment in a form agreed upon by the parties.

## 8.      Settlement Hearing and Stay of Related Class Actions and Other Cases

8.1.      Promptly after execution of this Agreement, Class Counsel will submit the Agreement together with its Exhibits to the Court and will request that the Court issue an Order in the form attached hereto as Exhibit 3. Such Order shall preliminarily approve the Settlement, order that Notice be disseminated to the Settlement Class, and stay all other cases addressing the same subject matter as this Litigation including but not limited to the Related Class Actions, in the form annexed hereto as Exhibit 1 (Mailed Notice), which mailed notice shall disclose the existence and nature of the action and the proposed Settlement, shall inform Settlement Class Members of the procedures and deadlines for filing objections, expressions of intent to appear at the Fairness Hearing and/or requests for exclusion as set forth therein, the effect of the Settlement, and shall schedule a hearing on whether the Settlement should be granted final approval and whether the Fee Application should be granted.

8.2.      Concurrent with the submission of this Agreement under Paragraph 8.1, Class Counsel will agree, in each respective forum, to make stipulated requests to have the Related Class Actions stayed, and to join in efforts to stay any other cases addressing the same subject matter.

## 9.      Attorneys' Fees, Costs and All Other Expenses

9.1      Defendant agrees to pay any amounts awarded by the Court to Class Counsel for Attorneys' Fees, Costs and All Other Expenses, so long as the amount awarded by the Court does not exceed the sum of $1,750,000 and the Court's order are otherwise consistent with this Agreement. Defendant does not oppose, and will not encourage or assist any third party in opposing, Class Counsel's request for Attorneys' Fees, Costs and All Other Expenses in an amount of up to $1,750,000 nor will Defendant contest the reasonableness of the amount as long as the request is consistent with this Agreement. Class Counsel will not seek in excess of $1,750,000 for Attorneys' Fees, Costs, and All Other Expenses and, in any event, Class Counsel agree that Defendant shall not pay, nor be obligated to pay, any sum in excess of $1,750,000 or

such lesser amount as may be awarded by the Court for Attorneys' Fees, Costs, and All Other Expenses. The parties negotiated and agreed to the amount of Attorneys' Fees, Costs, and All Other Expenses only after reaching agreement upon all other material terms of this settlement.

9.2    The parties agree the amount in Paragraph 9.1 represents BMW NA's all-inclusive, full payment for all fees, costs, and other expenses in relation to the claims covered by the contemplated release, including but not limited to fees, costs, and other expenses incurred by any counsel in all of the Related Class Actions and other HPFP cases, whether known or unknown to BMW NA, as well as any objectors or later-appearing counsel. The amount described in Paragraph 9.1 shall constitute full satisfaction of Defendant's obligation to pay any person, attorney or law firm for attorneys' fees, costs, and all other expenses, and shall relieve Defendant and the Released Persons from any other claims or liability to any other attorney or law firm or person for any attorneys' fees, costs, or other expenses to which any Representative Plaintiff, Settlement Class Member, objector, or any other person may claim that are in any way related to the Released Claims.

9.3    In furtherance of the agreement in this Section 9, in the event of any objections to the settlement or appeal from any order of the Court granting final approval, Class Counsel agree that they will be solely responsible for responding to objectors and defending the Court's Final Judgment on appeal at their own cost. BMW NA will join and/or not oppose Class Counsel's defense of the Final Judgment. BMW NA agrees not to appeal, or otherwise support any appeal, of an order or judgment entered by the Court that is consistent with this provision and the terms of the settlement. Any costs incurred by Class Counsel in such appeals, including costs incurred to settle any claims by objectors, are the sole responsibility of Class Counsel. No one may seek to recover such costs from BMW NA.

9.4    Incentive awards, if any, will be paid from the amount paid by BMW NA under Paragraph 9.1. BMW NA will have no separate obligation to fund any incentive awards.

9.5    Any Attorneys' Fees, Costs, and Other Expenses awarded by the Court to Class Counsel shall be paid by Defendant to Class Counsel within thirty (30) days of the Effective Date.

**10.**   **CONDITIONS FOR EFFECTIVE DATE; EFFECT OF TERMINATION**

10.1.   If this Agreement is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms of this Agreement, the Settling Parties will be restored to their respective positions in the Litigation as of the date of the Agreement.  In such event, the terms and provisions of this Agreement will have no further force and effect and will not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated, nunc pro tunc.  No order of the Court or modification or reversal on appeal of any order of the Court concerning any award of attorneys' fees, expenses, or costs to Class Counsel will constitute grounds for cancellation or termination of this Agreement, unless the order potentially increases in any way Defendant's financial responsibility in connection with the Settlement.

**11.**   **BEST EFFORTS**

11.1   The parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the Settlement, including without limitation in seeking preliminary and final Court approval of the Agreement of Settlement and the Settlement embodied herein, carrying out the terms of this Agreement of Settlement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement and to carry out the terms of the settlement.

**12.**   **MISCELLANEOUS PROVISIONS**

12.1.   The Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises claims that are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Parties agree that the consideration provided to the Settlement Class and the other terms of the Settlement were negotiated at arms' length and in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

12.2.   Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the Released Claims,

or of any wrongdoing or liability of any Released Persons; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. Any Released Person may file this Agreement and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including without limitation those based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.3.    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information will survive this Agreement.

12.4.    Any and all Exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

12.5.    This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

12.6.    This Agreement and any Exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants covered and memorialized in such documents.  Except as otherwise provided herein, the Parties will bear their own respective costs.

12.7.    Class Counsel, on behalf of the Settlement Class, represents and warrants that they are expressly authorized to take all appropriate action required or permitted to be taken by the Representative Plaintiffs or Settlement Class pursuant to this Agreement to effectuate its terms, and are expressly authorized to enter into this Agreement, as well as any modifications or amendments to this Agreement on behalf of the Settlement Class that Class Counsel deem appropriate.

12.8.    Each counsel or other Person executing this Agreement or any of its Exhibits on behalf of any Party hereby warrants that such Person has the full authority to do so.

12.9.    This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them will be deemed to be one and the same instrument.  A complete set of original counterparts will be filed with the Court.

12.10.  This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

12.11.  The Court shall retain continuing and exclusive jurisdiction over the Parties and all Settlement Class Members, and over the administration and enforcement of the Settlement.  Any disputes or controversies arising with respect to the interpretation, enforcement, or implementation of this Agreement must be made by motion to the Court.

12.12.  The Settling Parties agree that Defendant is in no way liable for any taxes Class Counsel, the Representative Plaintiffs, Settlement Class Members, or others may be required to pay as a result of the receipt of settlement benefits.

12.13.  No Settlement Class Member or other Person shall have any claim against the Representative Plaintiffs, Class Counsel, the Released Persons, the Settlement Administrator, or any agent designated by Counsel for the Settlement Class based on any eligibility determinations, distributions or payments made in accordance with the settlement, or based on the payments made or other relief provided and made substantially in accordance with this Agreement or with further Orders of the Court or any appellate court.

12.14.  The Settling Parties hereby agree and stipulate to stay all proceedings in this Litigation, the Related Class Actions, and any other cases involving the same subject matter until the approval of this Agreement has been finally determined, *except* the stay of proceedings shall not prevent the filing of any motions, declarations, and other matters necessary to the approval of this Agreement.

12.15.  None of the Settling Parties, or their respective counsel, will be deemed the drafter of this Agreement or its Exhibits for purposes of construing the provisions thereof.  The language in all parts of this Agreement and its Exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any of the Settling Parties as the drafter thereof.

12.16.  This Agreement and any Exhibits hereto will be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized attorneys, dated as of October 5, 2011.


Dated:  October 6, 2011                    CARROLL, BURDICK & McDONOUGH LLP


                                           By: */s/ Troy M. Yoshino*
                                           _____
                                               TROY M. YOSHINO
                                               Attorney for Defendant
                                               BMW of North America, LLC


Dated:  October 6, 2011                    KERSHAW CUTTER & RATINOFF LLP


                                           By: */s/ William A. Kershaw*
                                           _____
                                               WILLIAM A. KERSHAW
                                               Attorney for Plaintiffs and the Settlement Class

**AGREEMENT OF SETTLEMENT**

EXHIBIT 1

UNITED STATES DISTRICT COURT – NORTHERN DISTRICT OF CALIFORNIA
Case No. 3:10-cv-02257-SI

### Notice of Pendency and Proposed Settlement of Class Action

**To: Persons who have purchased or leased BMW Model Years 2007–2010 335i models; Model Years 2008–2010 135i, 535i and X6 xDrive35i Sports Activity Coupes; Model Years 2009 – 2010 Z4 Roadster sDrive35i vehicles**

Your rights may be affected by the Litigation and Proposed Settlement discussed in this court-authorized notice. This Notice is to inform you of the conditional certification of a settlement class, the nature of the claims at issue, your right to participate in or exclude yourself from the class, and the effect of exercising your various options. You are not being sued.

| YOUR LEGAL RIGHTS AND OPTIONS | |
| --- | --- |
| **DO NOTHING** | If you do nothing, you will be bound by the Settlement, if it is approved. |
| **EXCLUDE YOURSELF** | Write to the Claims Administrator if you do not want to benefit from or be bound by this settlement. |
| **OBJECT** | File an objection with the Court if you are not satisfied with the settlement. |
| **GO TO A HEARING** | Ask for permission to speak in Court about the fairness of the settlement. |

Your legal rights and options --- **and the deadlines to exercise them** --- are explained in this Notice. Your legal rights may be affected whether you act or do not act. Please read this Notice carefully. Capitalized terms in this Notice have the same meaning as provided in the "Definitions" section of the Agreement of Settlement on file with the Court.

### 1.    Why did the Court issue this notice?

This Notice is given to inform you that (1) a class action lawsuit is pending in the U.S. District Court for the Northern District of California before the Honorable Susan Illston entitled *Nguyen v. BMW of North America, LLC*, No. 3:10-cv-02257-SI ("the Litigation"); (2) you may be a Settlement Class Member; (3) the parties have proposed to settle the Litigation; (4) the Proposed Settlement may affect your legal rights; and (5) you have a number of options.

### 2.    What is this Litigation about?

Plaintiffs Tim Nguyen and Chris Clyne allege that BMW of North America, LLC ("BMW NA" or "BMW NA") became aware of distinct defects in two separate components of the N54 engine: the high pressure fuel pump ("HPFP") and the turbocharger wastegates. With respect to the HPFP, Plaintiffs allege that it contains certain defects causing it to fail prematurely. With respect to the turbocharger wastegates, Plaintiffs allege that they contain certain defects resulting in noisy operation and/or "turbo lag." In their complaint, Plaintiffs

contend that BMW NA had a duty to disclose this information to consumers.  Based on this conduct, Plaintiffs allege claims for Breach of Express Warranty, violation of California's Consumer Legal Remedies Act, violation of California's Unfair Competition Law, breach of the Implied Covenant of good Faith and Fair dealing, and violation of the Federal Magnuson-Moss Act.

BMW NA denies all of the material allegations made by Plaintiffs and denies any wrongdoing or liability of any kind.  Among other things, BMW NA believes that the extended warranty and recall it initiated regarding the HPFP more than adequately resolve any issues relating to the HPFP.  Further, BMW NA denies that the turbocharger wastegates in the vehicles at issue contain defects.  BMW NA further believes that it has, at all times, complied with all applicable federal and state laws.  Accordingly, neither this notice nor the Proposed Settlement reflect any admission by BMW NA that there is a defect in any BMW vehicle or that it violated any law or rights of its consumers.

## 3.    How do I know if I am part of the Settlement Class?

The Court has conditionally certified a settlement class INCLUDING: Persons who have purchased or leased BMW Model Years 2007–2010 335i models; Model Years 2008–2010 135i, 535i and X6 xDrive35i Sports Activity Coupes; Model Years 2009 – 2010 Z4 Roadster sDrive35i vehicles.

Even if you are or were the owner or lessee of a Settlement Class Vehicle, you are EXCLUDED from the Settlement Class and *not* covered by this settlement if you are:

a)   Persons who validly and timely exclude themselves from the Settlement Class, using the procedure set forth below in Sections 9 and 10;
b)   Persons who have settled with and released Defendant from individual claims substantially similar to those alleged in this matter;
c)   A member of BMW NA, its subsidiaries and affiliates, officers, directors and employees;
d)   Persons who have suffered personal injury as a result of the defects alleged;
e)   Insurers or other providers of extended service contracts or warranties for the Settlement Class Vehicles;
f)   All Persons or entities claiming to be subrogated to the rights of Settlement Class;
g)   Consumers and/or business that have purchased Class Vehicles for use as rentals (i.e. fleet vehicles);
h)   Consumers and/or businesses that have purchased Class Vehicles deemed a total loss (i.e.. salvage);
i)   United States residents that have purchased Class Vehicles in the United States but have since been transported the Class Vehicle outside the United States; and
j)   The Honorable Judge Susan Illston.

## 4.    What are the reasons for the Settlement?

The Court did not decide in favor of the Plaintiffs or BMW NA.  Instead, both sides agreed to a settlement that they believe is a fair, reasonable, and adequate compromise of their respective positions.  The parties reached this agreement only after very long negotiations, many exchanges of information, and independent consideration of the risks and benefits of settlement through the assistance of an experienced Mediator and Retired Judge.

Counsel for Plaintiffs and the Settlement Class Members have considered the substantial benefits from the Settlement that will be given to the Settlement Class Members and balanced these benefits with the risk that a trial could end in a verdict for BMW NA.  They also considered the value of the immediate benefit to Settlement Class Members versus the costs and delay of litigation through trial and appeals and the risk that a

nationwide class would not be certified.  Even if Plaintiffs were successful in these efforts, Settlement Class Members would not receive any benefits for years.

## 5.     What does the Settlement provide?

**Benefits.**  If the Proposed Settlement is ultimately approved by the Court, it will provide several forms of relief to the Settlement Class.  In return for the relief described below, the Settlement Class Members release their rights to pursue any claims against BMW NA and related entities relating to the facts at issue in this Litigation.

### A.    CONTINUATION OF EXISTING SERVICE MEASURES FOR HPFPs

BMW NA has agreed that it will keep the existing HPFP recall and extended warranty measures in place.  Namely, BMW NA will ensure that all Settlement Class Members have the opportunity to receive (or have received) both (1) a new-generation HPFP and a new-generation software upgrade if they respond to the recall notice, and (2) a 10-year/120,000 mile (whichever comes first) extended warranty on the HPFP for Settlement Class Vehicles from the original in-service date of the Settlement Class Vehicle.

### B.    EXTENSION OF WARRANTY ON TURBOCHARGER WASTEGATES

BMW NA has agreed to extend by 1 year or 12,000 miles (whichever comes first) the new vehicle limited warranty covering the Settlement Class Vehicles for any failure of a turbocharger caused by a defect in a turbocharger wastegate.  Per the terms of the original vehicle limited warranty, warranty coverage would be voided if the vehicle has modifications to the turbocharger (such as installing aftermarket parts that affect the turbocharger system), or if there are other conditions normally excluded from warranty coverage.

### C.    REIMBURSEMENT OF COSTS FOR PRIOR HPFP REPLACEMENT AND OTHER MONETARY CONSIDERATION

BMW NA will also reimburse certain documented out-of-pocket costs actually incurred and resulting from a previous HPFP replacement that occurred outside of BMW NA's existing recall and warranty on that component,.  Such costs include the out-of-pocket costs to the extent paid for by a Settlement Class member, incurred for (1) replacements of the HPFP conducted at a BMW authorized service center, (2) towing expenses of Settlement Class Vehicles resulting directly from a failure of the high pressure fuel pump, and (3) rental expenses up to $44 per day.  No other costs, expenses or damages, other than these three, shall be reimbursable under this settlement.  BMW NA will not pay for other incidental costs or other parts and labor charges.  Further, BMW NA will not reimburse costs incurred for any repair or replacement attributable to driver or third-party causes or paid for by an insurer or extended service/warranty provider.  Thus, for example, if you have made after-market modifications affecting your HPFP, or if your HPFP required repair or replacement because of fire, collision, or other similar causes, you are not eligible for reimbursement.  Further, BMW NA will not reimburse costs incurred in repairing or replacing a HPFP that was not an authentic BMW part.

In addition to the reimbursement of out-of-pocket expenses described above, if you have had a HPFP replaced in a Settlement Class Vehicle outside of BMW NA's existing recall, BMW NA will also offer compensation.  Under this benefit, you may select one of the following two forms of compensation:

|            A            |            OR            |            B            |

A total payment from BMW NA based on the number of HPFP replacements obtained outside of the recall according to the following schedule:

| Number of HPFP Replacements | Total Payment |
|---|---|
| 1 | $50 |
| 2 | $100 |
| 3 | $200 |
| 4 | $300 |
| 5 | $400 (capped thereafter) |

Payment will be made in cash (in the form of a check) to each Settlement Class Member who has had a replacement outside of the recall and who submits a proof of claim under penalty of perjury. Settlement class members who already have received compensation related to an HPFP replacement outside of the recall will not be eligible for further payment if the amount of the prior compensation is greater than or equal to the cash value of the settlement payment.

An $800 purchase-credit that can be applied to the purchase only of a new BMW vehicle for each Settlement Class Member who has had an HPFP replacement outside of the recall and who submits a proof of claim under penalty of perjury. The purchase-credit will be valid for 1.5 years (18 months) from the date of issue and will not be transferable. Settlement Class Members who already have received compensation related to an HPFP replacement outside of the recall will not be eligible for further payment if the amount of the prior compensation is greater than or equal to the cash value of the settlement payment. The purchase-credit can only be used for the future purchase of a new vehicle and may not be applied to a vehicle already owned by the Settlement Class Member.

**To receive reimbursement or compensation, you must complete the attached Claim Form per its instructions, include the required documentation, and mail it to the address in the instructions so that it is postmarked no later than [date].** You can obtain another Claim Form by letter request enclosing a self-addressed, stamped envelope to [Claims Administrator]. The documentation required to be eligible for reimbursement is detailed in the attached Claim Form.

**Release.** Unless you exclude yourself from the Settlement Class, approval of this Settlement will result in a release by you of all claims against BMW NA and other related entities that arise out of or are related in any way to this Litigation. This release does not bar any claims for personal injury or damage to property other than your Settlement Class Vehicle.

**Proposed Payment to Named Plaintiffs Tim Nguyen and Chris Clyne.** Class Counsel has requested a payment to the class representatives Tim Nguyen and Chris Clyne, not to exceed $5,000.00 each. BMW NA has agreed not to oppose this request. This payment will be paid out of the money being paid to Class Counsel (*see* Section 7, below) and will not reduce any benefits recoverable by members of the Settlement Class.

The complete terms of the settlement are in the Settlement Agreement, which is available by sending a self-addressed, stamped envelope to [Claims Administrator name and address] or by accessing the public docket for the Court via Pacer.

## 6.    Do I have a lawyer in the case?

The Court has appointed the following counsel for the Class: William A. Kershaw and Stuart C. Talley of Kershaw Cutter & Ratinoff LLP, 401 Watt Avenue, Sacramento, CA 95864, as well as Joseph Dunn of Wigington Rumley Dunn, L.L.P, Wexler Wallace LLP, and Babbitt Johnson & Osborne & LeClainche, P.A.

## 7.    How will the lawyers for the Settlement Class be paid?

If the Court approves the Settlement, the Court will also determine what amount of attorneys' fees, costs and all other expenses should be paid to Class Counsel for their representation of Plaintiffs and the Settlement Class in this Litigation. Payment of attorneys' fees and expenses to Class Counsel will not reduce any benefit available to you as part of the settlement. BMW NA has agreed to pay Class Counsel an amount to be fixed by the Court as reasonable attorneys' fees, costs, and all other expenses, as long as the amount does not exceed $1,750,000.00.

## 8.    What happens if I do nothing after receiving this notice?

If you do nothing and the Court approves the settlement, you will be bound by the terms of the Settlement and will be unable to pursue claims against BMW NA relating to the facts at issue in this Litigation.

As long as you do not request exclusion from the Settlement Class, if you are entitled to the warranties or recalls described in Sections 5.A or 5.B, you need not do anything to activate them. For the duration of those warranties and recalls, you may take your car to an authorized BMW dealership and request a warranty or recall repair or replacement for your car's HPFP or, if the settlement is finally approved and becomes effective, warranty repair of your turbocharger wastegates.

If you are eligible for other relief under this Settlement, you must complete and submit a Claim Form postmarked no later than [date], or your claim will not be considered.

## 9.    What does it mean to request exclusion from the Settlement Class?

If you come within the Settlement Class definition, you will be a member of the Settlement Class and will be bound by the settlement if the Court approves it unless you exclude yourself from the Settlement Class (also known as "opting out"). Being "bound by the settlement" means that you will be precluded from bringing, or participating as a claimant in, a similar lawsuit. Persons who exclude themselves from the Settlement Class will not be bound by the terms of the Settlement and will not be eligible to receive any benefits from the Settlement, but they will retain the right to sue BMW NA at their own cost.

You cannot exclude yourself from the Settlement Class and the Proposed Settlement if you wish to object to the settlement and/or appear before the Court during the Fairness Hearing (see Sections 11 and 12), as you need to be a Settlement Class Member affected by the settlement to object or appear.

## 10.     How do I request exclusion?

You may exclude yourself from the Settlement Class provided that your request is made in writing and postmarked before [date].  To exclude yourself, send a letter that includes (a) the name of the case, (b) your name, current address, telephone number, and signature, (c) identify the approximate date(s) of acquisition and VIN for your Settlement Class Vehicle(s), and (d) provide a clear statement communicating that you elect to be excluded from the settlement.  Your written request to exclude yourself from the settlement must be sent to the [Claims Administrator].

You will only be excluded from the settlement if your request is *postmarked* on or before [date], and includes the required information.  The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the date specified, shall be bound by all terms of the Settlement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement.

In determining whether you want to exclude yourself from the settlement, you are advised to consult your own attorney, as there may be issues particular to your circumstances that require consideration.

## 11.     What if I do not like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement.  To object, you must send a letter to the Court and: (a) set forth your full name, current address and telephone number; (b) identify the approximate date(s) of acquisition and VIN for your Settlement Class Vehicle(s); (c) state that you have reviewed the Settlement Class definition (Section 3), understand that you are a Settlement Class Member, and that you have not requested exclusion from the Settlement Class; (d) set forth a complete statement of all legal and factual reasons for any objection that you wish to assert; and (e) provide copies of any documents that you wish to use before the Court. In addition, you must indicate whether you intend to appear at the Fairness Hearing either with or without separate counsel as no Settlement Class Member shall be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Settlement Class Member shall be received or considered by the Court at the Fairness Hearing, unless written Notice of the Settlement Class Member's intention to appear at the Fairness Hearing and copies of any written objections or briefs shall have been filed with the Court and served on counsel for the Parties as set forth below.

You must file your objection before [date] with the Clerk of the Court for the United States District Court, Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102.  Before [date], you must *also* send your objection to *all three* of the following: **(1)** [Claims Administrator]; **(2)** Class Counsel—William A. Kershaw, Kershaw Cutter & Ratinoff LLP, 401 Watt Avenue, Sacramento, CA 95864; and **(3)** Defense Counsel—Troy M. Yoshino, Carroll, Burdick & McDonough LLP, 44 Montgomery Street, Suite 400, San Francisco, California 94104.

If your objections do not meet all of the requirements set forth in this section, they will be deemed invalid and will be overruled.

## 12. When and where will the Court determine whether to approve the settlement?

The Court has scheduled a Final Approval Hearing at [time] on [date], 2011, at the U.S. District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 10, 19th Floor, San Francisco, CA 94102. This hearing may be continued or rescheduled by the Court without further notice.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and will consider Class Counsel's request for attorneys' fees and expenses.  The Court will also consider objections and may grant permission for Objectors to speak.  The Court may decide these issues at the Final Approval Hearing or take them under consideration.  We do not know how long these decisions will take.

## 13. Do I have to come to the hearing?

No.  You are not required to come to the hearing but you are welcome to come at your own expense.

Settlement Class Members who object to the Proposed Settlement do not need to attend the Final Approval Hearing for their objections to be considered.  If you wish to appear either personally or through your own attorney at the settlement hearing, you must send both a timely objection and a notice of intention to appear to the Clerk of the Court at the address set forth in Section 11 above, and serve copies on the Claims Administrator, Class Counsel, and counsel for BMW NA at the addresses set forth in Section 11 above no later than [date].

Your notice of intention to appear must include copies of any papers, exhibits, or other evidence that you or your counsel will present to the hearing.  Any Settlement Class Member who does not file and serve a Notice of Intention to appear in accordance with these instructions will be barred from speaking at any hearing concerning this Proposed Settlement.

## 14. What if the proposed settlement is not approved?

If the Proposed Settlement is not granted final approval, the putative Settlement Class which has been preliminarily approved, will be decertified, the *Nguyen* action will proceed without further notice, and none of the agreements set forth in this notice will be valid or enforceable.

## 15. How do I get more information about the settlement?

This Notice only summarizes the Proposed Settlement.  The official terms of the Proposed Settlement are available by visiting the public files for the United States District Court for the Northern District of California or by sending a self-addressed, stamped envelope to [Claims Administrator name and address].

If you have any questions, write to [Claims Administrator].  Do not contact BMW NA, its counsel, or the Court regarding this settlement.

By order of [date], Judge Susan Illston, Judge of the United States District Court for the Northern District of California, assigned.

EXHIBIT 2

# SETTLEMENT CLAIM FORM

*Nguyen v. BMW of North America, LLC*, Case No. 3:10-cv-02257-SI (N.D. Cal.)

**Please read the Notice of Pendency and Proposed Settlement of Class Action ("Notice") AND all of the following instructions carefully before filling out your Claim Form.**

Capitalized terms in this Settlement Claim Form have the same meaning as provided in the "Definitions" section of the Agreement of Settlement on file with the Court.

1.   Type or print legibly in black ink.  Do not use any highlighters.  You must provide **all** requested information to make a claim.

2.   You are eligible to make a claim in this litigation **only** if (1) you are or were the owner or lessee of record of a Settlement Class Vehicle, (2) you are not requesting exclusion from the Settlement Class, and (3) you have not settled with or released any individual claim against Defendant BMW of North America, LLC similar to those described in the Notice (*i.e.*, you must be a Settlement Class Member as described in the Notice).

3.   If you are eligible to make a claim and wish to do so, provide all information requested in Part A (Personal Information).  You must use a separate Claim Form for each Settlement Class Vehicle.

4.   Review Part B to determine which claims you are qualified to make.  You may be eligible to make more than one type of claim.  Complete the requested information and sign all applicable certifications.

5.   Some claims require supporting documentation.  Review the Part(s) under which you are submitting claim(s) to determine what documentation you need to provide with your Claim Form.

6.   Your claim must be submitted under penalty of perjury.  The Claims Administrator will review your claim for truthfulness and accuracy and any discrepancies will be examined.  It is also possible your claim may be audited by BMW NA.

7.   You will be informed by letter when a decision on your claim has been made.

You must file your Claim Form by mail.  Send your Claim Form and copies of any supporting documents **postmarked by _____**, to: [Claims Administrator and address].

You must submit a Claim Form if you seek to claim reimbursement for qualified out-of-pocket expenses resulting from the replacement of a high pressure fuel pump in a Settlement Class Vehicle outside Defendant's existing recall measures, or if you seek other consideration as compensation for replacement of a high pressure fuel pump in a Settlement Class Vehicle outside Defendant's existing recall measures.

Keep a copy of your completed Claim Form and all supporting documents that you submit.  If you are mailing documents in addition to your Claim Form (for example, a Repair Order or invoice), do not send the original documents.  Any documents you submit with your Claim Form cannot be returned.  If your claim is rejected for any reason, the Claims Administrator will notify you of the rejection.

## PART A --- PERSONAL INFORMATION: ALL CLAIMANTS MUST COMPLETE

Name:

Company Name (if company owns/leases vehicle)

_____     _____

Street Address:

Daytime Phone Number:

_____     _____

City, State, Zip Code:

Names of Any Joint Owner(s) of the Vehicle:

_____     _____

Vehicle Model Year:

Vehicle Identification Number ("VIN"):

_____     _____

If you do **not** currently own or lease the Settlement Class Vehicle to which this claim relates, please provide the following information:

a.      What was your address at the time you acquired the Settlement Class Vehicle (if different than above)?

_____

b.      Please provide the name and location (*i.e.*, city and state) of the BMW dealer, or other person/company from whom you acquired the Settlement Class Vehicle:

_____

c.      What is the approximate date on which you acquired the Settlement Class Vehicle?

_____

d.      What is the approximate date on which you sold or otherwise disposed of the Settlement Class Vehicle?

_____

## PART B --- REIMBURSEMENT AND COMPENSATION FOR HIGH PRESSURE FUEL PUMPS ON CLASS VEHICLES REPLACED OUTSIDE OF BMW'S EXISTING RECALL

**INFORMATION REGARDING YOUR HPFP REPLACEMENTS (PART B.1.):**

Receiving compensation or reimbursement of expenses requires that, during the period you owned or leased your Settlement Class Vehicle, it experienced and you paid for out-of-pocket for replacement of a high pressure fuel pump before [date], outside of BMW's existing recall.  You must provide the number of HPFP replacements, the location of the replacement (e.g., the name of the dealer or service center) and the approximate date of the replacement.  If there is not enough room, please copy this table and attach additional sheets.

| Approximate Date of HPFP Replacement | Location of Replacement |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**REIMBURSEMENT (PART B.2.):**

If you paid to replace one or more high pressure fuel pumps on your Settlement Class Vehicle(s) within 10 years or 120,000 miles of your car first being placed in service, you may be eligible for reimbursement of certain expenses— specifically replacement costs, towing costs, and rental costs up to $44 per day—and additional compensation if you can truthfully sign the certification below under penalty of perjury, and submit the requested documentation.

Please provide the following information:

The allowable cost (replacement, towing, or rental costs up to $44 per day) for the high pressure fuel pump replacement that *you* paid for within 10 years or 120,000 miles of your car first being placed in service. For *each* claimed expense, record on the table below (1) the nature of the expense (replacement, towing, or rental), (2) the date of the expense, (3) to whom the expense was paid (name, address, and phone number), and (4) the amount of the expense. If there is not enough room, please copy this table and attach additional sheets.

You cannot make a claim for reimbursement for any expense if another party or person (*e.g.*, your warranty coverage, an insurance company) paid for it.

| Indicate If Cost for: 1) Replacement; or 2) Towing; or 3) Rental Vehicle | Date of: 1) Replacement; or 2) Towing; or 3) Rental | Name, Address, and Phone Number of: 1) Dealer/Company Conducting Replacement; or 2) Towing Company; or 3) Rental Vehicle Company | Amount You Paid for: 1) Parts and Labor for Replacement; or 2) Towing; or 3) Rental Vehicle |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTAL AMOUNT PAID FOR PARTS AND LABOR, TOWING, AND RENTAL:** |  |  |  |

**DOCUMENTATION (PART B.3.):**

To be eligible for reimbursement, for each expense (whether for replacement, towing, or rental) you must submit documentation evidencing (1) the nature of the expense incurred, (2) the date of the expense, (3) to whom you paid the the expense , and (4) the amount of the expense.  For replacement expenses, you must submit, if available, a Repair Order or similar document proving that a high pressure fuel pump replacement (as opposed to some other work) was performed.

If you have documentation showing the date, payee, and cost of the expense (*e.g.*, credit card statement, or cancelled checks), but cannot document that the expense is what you claim, you may still make a claim if you can truthfully make the Part B certification.  Any claim you make may be audited for truthfulness and accuracy.

Please describe the documents you are attaching to support your claim: _____

_____

**DESCRIPTION OF COMPENSATION ALREADY RECEIVED (PART B.4.):**

*If* you received any compensation related to an HPFP replacement outside of the recall, provide a description of that compensation, including any monetary amounts.   If there is not enough room, please copy this table and attach additional sheets:

| Date Compensation Received | Description of Compensation |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**COMPENSATION FOR ELIGIBLE SETTLEMENT CLASS MEMBERS (PART B):**

In addition to the reimbursement for out-of-pocket expenses described above, if you validly prove a high pressure fuel pump replacement outside of the existing recall, BMW NA will also provide additional compensation.  Under this benefit, you may select <u>one</u> of the following two forms of monetary compensation:

<b>A</b>       <b>OR</b>       <b>B</b>

A total payment from BMW NA based on the number of HPFP replacements obtained outside of the recall according to the following schedule:

| Number of HPFP Replacements | Total Payment |
|---|---|
| 1 | $50 |
| 2 | $100 |
| 3 | $200 |
| 4 | $300 |
| 5 | $400 (capped thereafter) |

Payment will be made in cash (in the form of a check) to each Settlement Class Member who has had an HPFP replacement outside of the recall and who submits a Proof of Replacement under penalty of perjury.  Settlement Class Members who already have received compensation related to an HPFP replacement outside of the recall will not be eligible for further payment if the amount of the prior compensation is greater than or equal to the cash value of the settlement payment.

An $800 purchase credit that can be applied to the purchase only of a new BMW vehicle for each Settlement Class Member who has had a high pressure fuel pump replacement outside of the recall and who submits a Proof of Replacement under penalty of perjury.  Settlement Class Members who already have received compensation related to an HPFP replacement outside of the recall will not be eligible for further payment if the amount of the prior compensation is greater than or equal to the cash value of the settlement payment.  The purchase-credit would be valid for 1.5 years (18 months) from the date of issue and would not be transferable.  The purchase-credit can only be used for the future purchase of a new vehicle and may not be applied to a vehicle already owned by the Settlement Class Member.

<b>CIRCLE YOUR COMPENSATION SELECTION:</b>

<b>A</b>         <b>B</b>

**(Total payment for Option A will be calculated based on the verification of the number of HPFP replacements as reported by you in the Section "INFORMATION REGARDING YOUR HPFP REPLACEMENTS" above.)**

**CERTIFICATION:**

*I certify under penalty of perjury that the following information is true and correct:*

1. I have truthfully and accurately represented all of the personal identifying information listed in Part A;

2. I have accurately reported the number of HPFP replacements made in my Settlement Class Vehicle;

3. I paid for all expenses and amounts that I am now claiming for reimbursement;

4. I have disclosed all compensation previously received related to an HPFP replacement outside of the recall;

5. All information that I provided above is true and correct;

6. The documentation described under Documentation (Part B) and provided with this Claim Form are true and accurate copies demonstrating the amount of money I paid for approved expenses listed above; and

7. I understand that there are penalties for filing a willfully false claim, that my claim may be audited for truthfulness and accuracy, and that I may be required to bring my Settlement Class Vehicle, if I still own or lease it, to an authorized BMW dealer for inspection before my claim is paid.


_____          _____
Signature of Claimant                                                      Print Name & Title (if applicable)


_____          _____/\_\_\_\_\_/_____
Signature of parent or guardian                                      Date
(if Claimant is a minor)

EXHIBIT 3

1    Troy M. Yoshino, No. 197850
     Eric J. Knapp, No. 214352
2    **CARROLL, BURDICK & McDONOUGH LLP**
     Attorneys at Law
3    44 Montgomery Street, Suite 400
     San Francisco, CA  94104
4    Telephone:     415.989.5900
     Facsimile:     415.989.0932
5    e-mail: tyoshino@cbmlaw.com
     e-mail: eknapp@cbmlaw.com
6

7    *Attorneys for Defendant BMW of North America, LLC*

8                    **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10

11   TIM NGUYEN, and CHRIS CLYNE,                    )
     *individually and on behalf of all others*     )   Case No. 3:10-cv-02257-SI
12   *similarly situated,*                           )
                                    *Plaintiffs,*    )   **[PROPOSED] ORDER PRELIMINARILY**
13                                                   )   **APPROVING SETTLEMENT**
                    v.                               )   **AGREEMENT, CERTIFYING**
14                                                   )   **SETTLEMENT CLASS, APPOINTING**
     BMW OF NORTH AMERICA, LLC, and                  )   **SETTLEMENT CLASS COUNSEL,**
15   DOES 1 THROUGH 100, INCLUSIVE,                  )   **SETTING HEARING ON FINAL**
                                    *Defendants.*    )   **APPROVAL OF SETTLEMENT, AND**
16                                                   )   **DIRECTING NOTICE TO THE CLASS**
                                                     )
17                                                   )
                                                     )
18                                                   )
                                                     )
19                                                   )   Date:  October 14, 2011
                                                     )   Time:  9:00 a.m.
20                                                   )   Courtroom 10 - 19th Floor
                                                     )
21   _____                )   The Honorable Susan Illston

22

23          Plaintiffs moved this Court for an Order preliminarily approving their settlement,

24   certifying a settlement class, appointing settlement class counsel, setting a hearing on the final

25   approval of the settlement, and directing notice to the class (the "Motion").   The Defendant

26   joined in Plaintiffs' request for an order preliminarily approving the parties' settlement.   Upon

27   considering the Motion, the parties' Agreement of Settlement and all exhibits thereto

28   (collectively, the "Settlement Agreement" or "Settlement"), the materials previously submitted in

this case, the arguments of counsel, and other materials relevant to this matter, it is hereby **ORDERED** that:

1.      The terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of the Notice according to the Notice Plan.[1]  This determination is not a final finding that the Settlement Agreement is fair, reasonable, and adequate, but instead is a determination that there is reasonable cause to submit the proposed Settlement Agreement to Settlement Class Members and to hold a hearing concerning final approval of the proposed settlement, and ultimately approve the settlement.

2.      The Parties have made a sufficient showing, under the provisions of Rule 23 of the Federal Rules of Civil Procedure, as applicable in the context of settlement classes, to establish reasonable cause, following Notice to members of the proposed Settlement Class, to hold a hearing to determine if a Class should be certified for settlement purposes only, consisting of persons who meet the following criteria:

> All Persons in the United States who are now or have been at any time owners of record or lessees of any of the following types of vehicles: BMW Model Years 2007–2010 335i models; Model Years 2008–2010 135i, 535i and X6 xDrive35i Sports Activity Coupes; Model Years 2009 – 2010 Z4 Roadster sDrive35i vehicles.

> Excluded from the Settlement Class are:  Persons who validly and timely exclude themselves from the Settlement Class; Persons who have settled with and released Defendant from individual claims substantially similar to those alleged in this matter; BMW NA, its subsidiaries and affiliates, officers, directors and employees; Persons who have suffered personal injury as a result of the defects alleged; Insurers or other providers of extended service contracts or warranties for the Settlement Class Vehicles; all Persons or entities claiming to be subrogated to the rights of Settlement Class; consumers and/or business that have purchased Class Vehicles for use as rentals (i.e. fleet vehicles); consumers and/or businesses that have purchased Class Vehicles deemed a total loss (i.e. salvage); United States residents that have purchased Class Vehicles in the United States but have since been transported the Class Vehicle outside the United States; and The Honorable Judge Susan Illston.

If, for any reason, the proposed settlement is not approved, any order certifying a settlement class shall be vacated *nunc pro tunc* and the Litigation shall proceed as though the Settlement Class had

---

[1]  To the extent capitalized terms are not defined in this Order, they shall have the meaning set forth in the Settlement Agreement.

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL**

never been certified, without prejudice to the Parties' rights to either request or oppose class certification for purposes of litigation.

3.     In making the findings set forth in Paragraph 2, the Court has exercised its discretion in conditionally certifying the Settlement Class on a nationwide basis. Named Plaintiffs Tim Nguyen and Chris Clyne are designated as the Class Representatives.

4.     The Court hereby appoints the following attorneys as counsel for the Settlement Class: Kershaw Cutter & Ratinoff LLP, Wigington Rumley Dunn, L.L.P., Wexler Wallace LLP, and Babbitt Johnson & Osborne & LeClainche, P.A. and the successors of these law firms (collectively, "Class Counsel"). For purposes of these settlement proceedings, the Court finds that Kershaw Cutter & Ratinoff LLP, Wigington Rumley Dunn, L.L.P., Wexler Wallace LLP, and Babbitt Johnson & Osborne & LeClainche, P.A., are competent and capable of exercising their responsibility as Class Counsel.

5.     This Court has both subject matter jurisdiction and personal jurisdiction as to this action and all Parties before it.

6.     The Settlement Agreement is for settlement purposes only. Neither the fact of, any provision contained in, nor any action taken under the Settlement Agreement shall be construed as an admission of the validity of any claim or any factual allegation that was or could have been made by Plaintiffs and Settlement Class Members in the Action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendant or the Released Persons. The Settlement Agreement shall not be offered or be admissible in evidence by or against Defendant or the Released Persons or cited or referred to in any other action or proceeding, except one (1) brought by or against the Parties to enforce or otherwise implement the terms of the Settlement Agreement, (2) involving any Plaintiff or Settlement Class Member to support a defense of res judicata, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense, or (3) involving an attempt to enforce a stay of other litigation pursuant to the terms set forth in the Settlement Agreement and the Court's Order preliminarily approving the Settlement Agreement.

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL**

7.      The Notice and provisions for disseminating those materials substantially as described in and attached to the Settlement Agreement are hereby approved.  These materials (a) provide the best practicable notice, (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and of their right to appear, object to, or exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and (d) fully comply with federal law, the United States Constitution, and any other applicable law.  The [Claims Administrator] shall be responsible for providing notice of the proposed settlement to the Settlement Class Members in accordance with the provisions of the Settlement Agreement.

8.      To comply with their obligations under the Settlement Agreement, the parties must obtain vehicle registration information for Settlement Class Members for the purpose of disseminating notice of the proposed settlement to those persons and entities.  BMW of North America, LLC and [Claims Administrator] are hereby authorized to obtain vehicle registration information concerning Settlement Class Members for the sole purpose of providing notice to those persons and entities.

9.      Anyone who wishes to be excluded from the Settlement Class must submit a written request for exclusion (as described in the Notice and Settlement Agreement) by sending it to the Claims Administrator at the [Address] described in the Notice by first-class U.S. mail. Requests for exclusion must contain all information described in the Settlement Agreement.  The envelope containing the Request for Exclusion must be postmarked on or before the date set forth in the Mailed Notice, which shall be thirty (30) days after the completion of Notice pursuant to the Settlement Agreement.

10.      Anyone who falls within the Settlement Class definition and does not submit a Request for Exclusion in complete accordance with the deadlines and other specifications set forth in this Order and the Settlement Agreement shall become a Settlement Class Member and shall be bound by all proceedings, orders, and judgments of this Court pertaining to the Settlement Class.

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL**

11.     Any Settlement Class Member who wishes to object to the proposed Settlement must send or file an objection with this Court.  Objections must contain all information described in the Settlement Agreement.  The envelope containing the Objection to the Settlement must be postmarked on or before the date set forth in the Mailed Notice, which shall be thirty (30) days after completion of Notice pursuant to the Settlement Agreement.   Only Settlement Class Members may object to the Settlement.  Any objecting Settlement Class Member shall also mail a copy of such papers by first class mail, postmarked on that same date, to each of the following persons:

**Counsel for the Class:**
William A. Kershaw
Stuart C. Talley
Kershaw Cutter & Ratinoff LLP
401 Watt Avenue
Sacramento, CA 95864

**Counsel for Defendant:**

Troy M. Yoshino
Carroll, Burdick & McDonough LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104

**Claims Administrator**
_____

12.     Any Settlement Class Member who does not submit an Objection to the Settlement in complete accordance with this Order and the applicable provisions of the Settlement Agreement shall not be permitted to object to the settlement.

13.     Any objecting Settlement Class Member may appear at the hearing on the fairness of the proposed settlement (the "Fairness Hearing") held by the Court, in person or by counsel, to show cause why the Settlement Agreement should not be approved as fair, reasonable and adequate, or to object to any petitions for attorney fees and reimbursement of litigation costs and expenses; provided, however, that the objecting Settlement Class Member must send or file with the Clerk of the Court and serve upon the Claims Administrator and counsel at the addresses described in Paragraph 11 of this Order, a notice of intention to appear at the Fairness Hearing (a "Notice of Intention to Appear") on or before the date set forth in the Mailed Notice, which shall

be thirty (30) days after the completion of Notice pursuant to the Settlement Agreement. The Notice of Intention to Appear must include all information and documents required by the Settlement Agreement.   Any Settlement Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Settlement Agreement, and who has not filed an Objection to the Settlement in complete accordance with the deadlines and other specifications set forth in the Settlement Agreement, will be barred from speaking or otherwise presenting any views at any Fairness Hearing.

14.     The Claims Administrator shall also have the obligations enumerated in the Settlement Agreement.

15.     Class Counsel shall file with the Court their petition for payment of attorney fees and reimbursement of litigation costs and expenses no later than twenty-three (23) days after the expiration of the deadline for submitting opt-outs from and objections to the Settlement Agreement.  This request shall be consistent with the provisions of Section 9 of the Settlement Agreement.

16.     Any memoranda or other materials replying to an Objection to the Settlement shall be filed with the Clerk of this Court and served no later than twenty-three (23) days after the expiration of the deadline for submitting opt-outs from and objections to the Settlement Agreement.  Any such reply may, but need not, be combined with a Motion for Final Approval of the Settlement, which shall also be filed with the Clerk of this Court and served no later than twenty-three (23) days after the expiration of the deadline for submitting opt-outs from and objections to the Settlement Agreement.  Such memoranda and other briefing shall be served on the counsel designated in Paragraph 11 of this Order, on any other attorneys who have entered an appearance in this proceeding in accordance with Paragraph 13 of this Order, and on any member of the Settlement Class to whose Objection to the Settlement the memoranda or other briefing responds.

17.     Thirty (30) days after expiration of the deadline for objections and/or requests for exclusion from the settlement as approved by the Court and set forth in the Notice, the Court will hold the Fairness Hearing.  It shall be held in Courtroom 10 of the United States Courthouse, 450

Golden Gate Avenue, San Francisco, California 94104 at a time and place to be set forth in the Mailed Notice.  The Fairness Hearing may be continued or rescheduled by the Court with notice to Class Counsel and Defense Counsel and to any objecting Settlement Class Member who has filed a Notice of Intention to Appear in accordance with Paragraph 13 of this Order.  At the Fairness Hearing, or as soon thereafter as practicable, the Court will determine whether the proposed settlement is fair, reasonable, and adequate and should be approved by the Court.  At the Fairness Hearing, the Court will also consider the amount of attorney fees and expenses that should be awarded to Class Counsel.  If appropriate, the Court will issue a Final Order and Judgment memorializing its decision, in the form contemplated by the Settlement Agreement.

18.     Pending further orders by this Court, all proceedings in this case and all other cases raising the same issues—including but not limited to *Nirmul v. BMW NA*, 10-cv-5586 (D.N.J.), *Weiner v. BMW NA*, 10-cv-6655 (D.N.J.), *Winn v. BMW NA*, 11-cv-0020 (D.N.J.), *Hackett v. BMW NA*, 10-cv-7731 (N.D. Ill.), and *Kotok v. BMW NA*, 10-cv-81254 (S.D. Fla.)—shall be stayed, except for proceedings pursuant to this Order.  All members of the Settlement Class who do not request exclusion from the Settlement Class in accordance with this Order and the Settlement Agreement shall be enjoined from commencing and thereafter prosecuting any action, suit, proceeding, claim, or cause of action (except those based on or relating to personal injury or wrongful death), in any jurisdiction or court against Defendant or the Released Parties relating to or arising out of the subject matter of this action.

19.     Class Counsel and Defense Counsel are authorized to establish other means necessary to effectuate the terms of the Settlement Agreement.

IT IS SO ORDERED.

Dated: _____, 2011

_____
Hon. Susan Illston
United States District Judge

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL**