IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM NGUYEN and CHRIS CLYNE,<br><br>    Plaintiffs,<br><br>  v.<br><br>BMW OF NORTH AMERICAN LLC,<br><br>    Defendant.<br>_____/ | No. C 10-02257 SI<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT; DENYING MOTION TO INTERVENE** |

    Plaintiffs moved this Court for an Order preliminarily approving their settlement, certifying a settlement class, appointing settlement class counsel, setting a hearing on the final approval of the settlement, and directing notice to the class (the "Motion"). Defendant joined in Plaintiffs' request for an order preliminarily approving the parties' settlement. Upon considering the Motion, the parties' Agreement of Settlement and all exhibits thereto (collectively, the "Settlement Agreement" or "Settlement"), the materials previously submitted in this case, the arguments of counsel, and other materials relevant to this matter, it is hereby ORDERED that:

    1.    The terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of the Notice according to the Notice Plan. This determination is not a final finding that the Settlement Agreement is fair, reasonable, and adequate, but instead is a determination that there is reasonable cause to submit the proposed Settlement Agreement to Settlement Class Members and to hold a hearing concerning final approval of the proposed settlement, and ultimately approve the settlement.

    2.    The Parties have made a sufficient showing, under the provisions of Rule 23 of the Federal Rules of Civil Procedure, as applicable in the context of settlement classes, to establish

reasonable cause, following Notice to members of the proposed Settlement Class, to hold a hearing to determine if a Class should be certified for settlement purposes only, consisting of persons who meet the following criteria:

> All Persons in the United States who are now or have been at any time owners of record or lessees of any of the following types of vehicles: BMW Model Years 2007-2010 335i models; Model Years 2008-2010 135i, 535i and X6 xDrive35i Sports Activity Coupes; Model Years 2009 - 2010 Z4 Roadster sDrive35i vehicles.
>
> Excluded from the Settlement Class are: Persons who validly and timely exclude themselves from the Settlement Class; Persons who have settled with and released Defendant from individual claims substantially similar to those alleged in this matter; BMW NA, its subsidiaries and affiliates, officers, directors and employees; Persons who have suffered personal injury as a result of the defects alleged; Insurers or other providers of extended service contracts or warranties for the Settlement Class Vehicles; all Persons or entities claiming to be subrogated to the rights of Settlement Class; consumers and/or business that have purchased Class Vehicles for use as rentals (i.e. fleet vehicles); consumers and/or businesses that have purchased Class Vehicles deemed a total loss (i.e. salvage); United States residents that have purchased Class Vehicles in the United States but have since been transported the Class Vehicle outside the United States; and The Honorable Judge Susan Illston.

If, for any reason, the proposed settlement is not approved, any order certifying a settlement class shall be vacated nunc pro tunc and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to the Parties' rights to either request or oppose class certification for purposes of litigation.

3. In making the findings set forth in Paragraph 2, the Court has exercised its discretion in conditionally certifying the Settlement Class on a nationwide basis. Named Plaintiffs Tim Nguyen and Chris Clyne are designated as the Class Representatives.

4. The Court hereby appoints the following attorneys as counsel for the Settlement Class: Kershaw Cutter & Ratinoff LLP as Class Counsel. Plaintiffs have asked for additional counsel to be named as Class Counsel, but no declaration or other documentation has been submitted pursuant to Fed. R. Civ. Proc. 23(g)(A) demonstrating the other firms' knowledge and experience in handling these types of cases. The Court will consider appointing additional class counsel if the necessary information is provided in advance of the final Fairness Hearing.

5. Under the operative Fourth Amended Complaint, this Court has both subject matter jurisdiction and personal jurisdiction as to this action and all Parties before it.

6. The Settlement Agreement is for settlement purposes only. Neither the fact of, any

provision contained in, nor any action taken under the Settlement Agreement shall be construed as an admission of the validity of any claim or any factual allegation that was or could have been made by Plaintiffs and Settlement Class Members in the Action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendant or the Released Persons. The Settlement Agreement shall not be offered or be admissible in evidence by or against Defendant or the Released Persons or cited or referred to in any other action or proceeding, except one (1) brought by or against the Parties to enforce or otherwise implement the terms of the Settlement Agreement, (2) involving any Plaintiff or Settlement Class Member to support a defense of res judicata, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense, or (3) involving an attempt to enforce a stay of other litigation pursuant to the terms set forth in the Settlement Agreement and the Court's Order preliminarily approving the Settlement Agreement.

7. The Notice and provisions for disseminating those materials substantially as described in and attached to the Settlement Agreement are hereby approved with slight modifications to the timing, as discussed below. These materials (a) provide the best practicable notice, (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and of their right to appear, object to, or exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and (d) fully comply with federal law, the United States Constitution, and any other applicable law. The Claims Administrator, Gilardi & Co., shall be responsible for providing notice of the proposed settlement to the Settlement Class Members in accordance with the provisions of the Settlement Agreement.

8. To comply with their obligations under the Settlement Agreement, the parties must obtain vehicle registration information for Settlement Class Members for the purpose of disseminating notice of the proposed settlement to those persons and entities. BMW of North America, LLC and Gilardi & Co. are hereby authorized to obtain vehicle registration information concerning Settlement Class Members for the sole purpose of providing notice to those persons and entities.

9. Anyone who wishes to be excluded from the Settlement Class must submit a written request for exclusion (as described in the Notice and Settlement Agreement) by sending it to the Claims

3

Administrator at the address described in the Notice by first-class U.S. mail. Requests for exclusion must contain all information described in the Settlement Agreement. The envelope containing the Request for Exclusion must be postmarked on or before the date set forth in the Mailed Notice, which shall be forty-five (45) days after the completion of Notice pursuant to the Settlement Agreement.

10. Anyone who falls within the Settlement Class definition and does not submit a Request for Exclusion in complete accordance with the deadlines and other specifications set forth in this Order and the Settlement Agreement shall become a Settlement Class Member and shall be bound by all proceedings, orders, and judgments of this Court pertaining to the Settlement Class.

11. Any Settlement Class Member who wishes to object to the proposed Settlement must send or file an objection with this Court. Objections must contain all information described in the Settlement Agreement. The envelope containing the Objection to the Settlement must be postmarked on or before the date set forth in the Mailed Notice, which shall be forty-five (45) days after completion of Notice pursuant to the Settlement Agreement. Only Settlement Class Members may object to the Settlement. Any objecting Settlement Class Member shall also mail a copy of such papers by first class mail, postmarked on that same date, to each of the following persons:

Counsel for the Class:

William A. Kershaw
Stuart C. Talley
Kershaw Cutter & Ratinoff LLP
401 Watt Avenue
Sacramento, CA 95864

Counsel for Defendant:

Troy M. Yoshino
Carroll, Burdick & McDonough LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104

Claims Administrator Gilardi & Co

At the address provided in the Notice

12. Any Settlement Class Member who does not submit an Objection to the Settlement in accordance with this Order and the applicable provisions of the Settlement Agreement shall not be permitted to object to the settlement.

13. Any objecting Settlement Class Member may appear at the hearing on the fairness of the proposed settlement (the "Fairness Hearing") held by the Court, in person or by counsel, to show cause why the Settlement Agreement should not be approved as fair, reasonable and adequate, or to object to any petitions for attorney fees and reimbursement of litigation costs and expenses; provided, however, that the objecting Settlement Class Member must send to or file with the Clerk of the Court and serve upon the Claims Administrator and counsel at the addresses described in Paragraph 11 of this Order, a notice of intention to appear at the Fairness Hearing (a "Notice of Intention to Appear") on or before the date set forth in the Mailed Notice, which shall be forty-five (45) days after the completion of Notice pursuant to the Settlement Agreement. The Notice of Intention to Appear must include all information and documents required by the Settlement Agreement.

14. The Claims Administrator shall also have the obligations enumerated in the Settlement Agreement.

15. Class Counsel shall file with the Court their petition for payment of attorney fees and reimbursement of litigation costs and expenses no later than thirty (30) days after the mailing of the Notice.

16. Any memoranda or other materials replying to an Objection to the Settlement shall be filed with the Clerk of this Court and served no later than twenty-one (21) days after the expiration of the deadline for submitting opt-outs from and objections to the Settlement Agreement. Any such reply may, but need not, be combined with a Motion for Final Approval of the Settlement, which shall also be filed with the Clerk of this Court and served no later than twenty-one (21) days after the expiration of the deadline for submitting opt-outs from and objections to the Settlement Agreement. Such memoranda and other briefing shall be served on the counsel designated in Paragraph 11 of this Order, on any other attorneys who have entered an appearance in this proceeding in accordance with Paragraph 13 of this Order, and on any member of the Settlement Class to whose Objection to the Settlement the memoranda or other briefing responds.

5

17. Approximately thirty-five (35) days after expiration of the deadline for objections and/or requests for exclusion from the settlement as approved by the Court and set forth in the Notice, the Court will hold the Fairness Hearing. It shall be held in Courtroom 10 of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94104 at a time and place to be set forth in the Mailed Notice. The Fairness Hearing may be continued or rescheduled by the Court with notice to Class Counsel and Defense Counsel and to any objecting Settlement Class Member who has filed a Notice of Intention to Appear in accordance with Paragraph 13 of this Order. At the Fairness Hearing, or as soon thereafter as practicable, the Court will determine whether the proposed settlement is fair, reasonable, and adequate and should be approved by the Court. At the Fairness Hearing, the Court will also consider the amount of attorney fees and expenses that should be awarded to Class Counsel. If appropriate, the Court will issue a Final Order and Judgment memorializing its decision, in the form contemplated by the Settlement Agreement.

18. The Court is cognizant that other actions regarding the subject matter at issue in the Fourth Amended Complaint in this case are pending in other district courts. *See* Motion for Preliminary Approval at 21-22. However, defense counsel has represented to this Court that those other actions have either been stayed by agreement of counsel or have been dismissed. *See, e.g.*, Docket No. 69. As such the Court need not address the motion to intervene, Docket No. 66, on the merits and DENIES it as moot. The proposed intervenors, whose own actions have been dismissed for lack of subject matter jurisdiction, may raise their concerns regarding the settlement through the objection and/or opt-out process.

19. Class Counsel and Defense Counsel are authorized to establish other means necessary to effectuate the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: 11/8/11

SUSAN ILLSTON
United States District Judge

6