IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM NGUYEN, CHRIS CLYNE, et al. | No. C 10-02257 SI |
| Plaintiffs, | **ORDER GRANTING FINAL APPROVAL** |
| v. | |
| BMW OF NORTH AMERICA LLC, | |
| Defendant. | |

This matter is before the Court on the motion for final approval of a proposed class action settlement with Tim Nguyen and Chris Clyne serving as the Representative Plaintiffs against defendant BMW of North America, LLC ("BMW NA") (collectively referred to herein as "the Parties"). The Parties have entered an Agreement of Settlement, dated as of October 6, 2011 ("Settlement" or "Settlement Agreement"), and have applied to this Court for approval of the Settlement and the Settlement Agreement.

By the Order Preliminarily Approving Class Action Settlement ("Preliminary Approval Order"), dated November 8, 2011, this Court conditionally certified a class (the "Settlement Class") for purposes of settlement.

The Court approved the proposed Notice and provisions for disseminating the Notice and Claims Forms substantially as described in and attached to the Settlement Agreement with slight modifications as to timing and held that these materials provided the best practicable notice; were reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the action, the terms of the proposed Settlement, and of their right to appear, object to, or exclude themselves from the proposed Settlement; were reasonable and constituted due, adequate, and sufficient notice to all

persons entitled to receive notice; and fully complied with federal law, the United States Constitution, and any other applicable law.

On December 9, 2011, the Court entered a Supplemental Order of Preliminary Approval Appointing Additional Class Counsel ("Supplemental Preliminary Approval Order") [Dkt. No. 76]. In addition to Kershaw, Cutter & Ratinoff, LPP, the Supplemental Preliminary Approval Order appointed as additional class counsel: Joseph Dunn of Wigington, Rumley & Dunn, L.L.P.; Theodore Babbitt and Joseph Osborne of Babbitt, Johnson, Osborne & LeClainche, P.A. and Wexler Wallace LLP (together, "Settlement Class Counsel" or "Class Counsel"). The Preliminary Approval Order, Supplemental Preliminary Approval Order and Settlement Agreement are incorporated herein by reference.

The Court now finds that Notice was provided to the Settlement Class Members as contemplated by the Preliminary Approval Order. A full opportunity was afforded to the Settlement Class Members to participate in, comment on, opt-out and/or object to the Settlement, notice and claims procedure. 282 Class Members opted-out of the Settlement and the Settlement Class and are therefore not bound by the Settlement or this Order. A list of individuals who have been excluded from the Settlement is attached as Exhibit A to the Third Supplemental Declaration of Markham Sherwood Re Mailing of Notice and Report on Requests for Exclusion and Objections Received. Docket No. 111. In addition, a late request for exclusion was received from Sanjog Pangarkar, MD [Docket No. 113]. The parties do not object to the Court granting this late request for exclusion [Docket No. 115], therefore Dr. Pangarkar is hereby excluded from the Settlement as well.

The Fairness Hearing was held on March 16, 2012. The Court was advised of twelve class members who objected to the Settlement. Three of those class members withdrew their objections before the final hearing, and two others withdrew them after the final hearing. The Court has given fair consideration of all remaining objections. Each of the objections is overruled for the following reasons:

1. With respect to objectors' concerns regarding whether the settlement actually addresses the problems complained of in this action – the defective high pressure fuel pumps (HPFPs) – the Court relies on plaintiffs' assertion that their experts found that the redesign of the new-generation HPFPs being installed under the Recall fixes the specific problem complained about. BMW's own evidence also demonstrates that for new-generation HPFPs, the failure rate is below 1.7%. The objectors point to no evidence that would suggest that the new-generation HPFPs are failing at a rate that is unexpected or otherwise indicates ongoing defects. Finally, the 10 year/120,000 mile extended warranty being provided by BMW, provides additional protections to class

2

      members in the event that the new-generation HPFPs are defective – and there is no evidence they are.

2. With respect to the turbocharger and wastegate defects alleged, the Court finds that the extended additional 1 year/12,000 mile warranty provides fair relief for this allegation. Objectors provide no evidence that the turbocharger and wastegate defects claimed in this lawsuit will manifest after the 8 year/82,000 mile extended warranty provided under the settlement.

3. With respect to objectors' complaints that the settlement releases significant lemon law claims, those objections are without merit. It is doubtful that any lemon law recovery could have been included or secured through this class action, as lemon law claims tend to involve inherently individual issues. Moreover, any class member who has a lemon law claim based on past failures could have opted out. Finally, if there are failures of the new-generation HPFPs, those will likely be addressed by BMW's extended warranty.

4. With respect to objectors' complaints that the settlement does not account for lost value of the vehicles, the Court finds the objections lack merit. Plaintiffs provide evidence that after new-generation HPFPs are installed under the Recall, there is no appreciable lost value to the Class Members' vehicles. Objectors have submitted no evidence to the contrary.

5. With respect to objectors' complaints about the notice, the Court finds them without merit. The notice provided sufficient information for class members to be able to make an informed decision as to whether to opt-out or stay in the class and, as a result, release claims related to the operation of their HPFPs and turbocharger wastegates. Also, any discrepancies between the dates for class members to submit claims, objections or requests to opt-out included in the Notice and the claims forms were not material and the Claim Administrator has confirmed that requests for exclusion and objections that were postmarked on February 6, 2012 were considered timely.

6. Finally, the Court rejects the contention that the settlement provision allowing BMW to audit the claims of class members is subject to abuse. There is no reason to suspect that the audit process will be abused by BMW. However if such abuse occurs, Class Counsel will be responsible for bringing those issues promptly to the Court's attention.

Having reviewed all of the submissions presented with respect to the proposed Settlement, as well as the arguments of counsel for the class, counsel for BMW NA and counsel for the objectors who appeared at the Final Hearing, the Court grants final approval to the Settlement, finding it fair, adequate and reasonable. The Court finds that plaintiffs faced significant risks in litigating this case as a nationwide class action; but that the settlement provides a fair amount of relief for class members' federal and state law breach of warranty claims as well as the state law consumer protection claims given the strength of those claims. The Court also relies on the fact that the settlement was reached only after significant arms' length negotiations in multiple sessions with a nationally recognized mediator. The extent of discovery - in particular, Class Counsels' expert's opinions as to the redesigned HPFPs

3

and BMW's evidence regarding failure rates for replaced HPFPs – supports a finding that the settlement is fair and adequate; as does the small percentage of opt-outs (0.1 %) and objectors (0.0023 %).

The Court addresses plaintiffs' motion for attorneys fees, costs and the class representative service awards in a separate order.

For the foregoing reasons, the Court holds:

1. The proposed Settlement (as provided for by the Settlement Agreement) is fair, reasonable and adequate and is in the best interests of the Class, and is hereby approved.

2. Pursuant to Rule 23, the Settlement Class as finally certified shall consist of:

All Persons in the United States who are now or have been at any time owners of record or lessees of any of the following types of vehicles: BMW Model Years 2007-2010 335i models; Model Years 2008-2010 135i, 535i and X6 xDrive35i Sports Activity Coupes; Model Years 2009 - 2010 Z4 Roadster sDrive35i vehicles.

Excluded from the Settlement Class are: Persons who validly and timely exclude themselves from the Settlement Class; Persons who have settled with and released Defendant from individual claims substantially similar to those alleged in this matter; BMW NA, its subsidiaries and affiliates, officers, directors and employees; Persons who have suffered personal injury as a result of the defects alleged; Insurers or other providers of extended service contracts or warranties for the Settlement Class Vehicles; all Persons or entities claiming to be subrogated to the rights of Settlement Class; consumers and/or business that have purchased Class Vehicles for use as rentals (i.e. fleet vehicles); consumers and/or businesses that have purchased Class Vehicles deemed a total loss (i.e. salvage); United States residents that have purchased Class Vehicles in the United States but have since transported the Class Vehicle outside the United States; and The Honorable Judge Susan Illston.

3. Plaintiffs, members of the Settlement Class, and BMW NA shall consummate the Settlement according to the terms of the Settlement Agreement.

4. The Action is dismissed with prejudice, each party to bear its respective costs (except as provided in the Settlement Agreement), and each Settlement Class Member not opting out of this Settlement shall be deemed to have granted Released Persons as defined in section 1.27 of the Settlement Agreement a release of claims in accordance with sections 1.26 and 4.8 of the Settlement Agreement.

///

5. Jurisdiction is hereby retained as to all matters related to the administration and consummation of the Settlement and Settlement Agreement and all other matters covered in this Order.

**IT IS ORDERED**.

Dated: April 20, 2012

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California