**United States District Court
For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TIM NGUYEN, CHRIS CLYNE, et al.

    Plaintiffs,

  v.

BMW OF NORTH AMERICA LLC,

    Defendant.

No. C 10-02257 SI

**ORDER AWARDING ATTORNEYS' FEES AND COSTS**

    This matter is before the Court on the motion for an award of attorneys fees, costs and class representative payments, filed in conjunction with the motion seeking final approval of a proposed class action settlement with Tim Nguyen and Chris Clyne serving as the Representative Plaintiffs against defendant BMW of North America, LLC ("BMW NA") (collectively referred to herein as "the Parties"). The Parties have entered an Agreement of Settlement, dated as of October 6, 2011 ("Settlement" or "Settlement Agreement"), and have applied to this Court for approval of the Settlement and the Settlement Agreement. Plaintiffs seek an award of attorneys fees in the amount of $1,660,976.48, plus $79,023.52 in costs and $10,000 for service awards for the Representative Plaintiffs.[1]

    In their motion, plaintiffs argue that $1,660,976.48 is reasonable when considering the combined lodestar that the four firms named as Class Counsel incurred litigating five different cases in various forums around the country, in addition to time incurred by the firms in the *Nguyen* case. Class Counsel's initial supporting documentation provided inadequate supporting information, so the Court ordered Class Counsel to submit supplemental briefing and declarations to support their lodestar request,

---

[1] Supp. Memo. ISO Motion for Attorneys Fees [Docket No. 110] at 12, n.12.

including a breakdown by month and case for time incurred on each of the six cases at issue.

Having reviewed the supplemental briefing, the Court finds that determining the reasonable lodestar for the settlement of this nationwide class action can take into account work performed in other cases where that work materially benefitted the litigation and eventual settlement in the *Nguyen* case. As such the Court finds that counsels' time and expenses incurred in four out of five cases, in addition to time and expenses incurred directly in *Nguyen*, are appropriately considered in determining a reasonable lodestar. Having reviewed the supplemental declarations of counsel and the case dockets, there is sufficient evidence to show that the work performed by the Wigington firm in investigating and litigating the *Morane v. BMW of North America, LLC*., No. 4-09-CV-0277 (E.D. Ark.) case was important in shaping the claims asserted in the *Nguyen* case and in providing expert evidence to support the *Nguyen* complaints as well as the eventual settlement. The *Laurel v. BMW of North America, LLC*, No. 2:10-cv-00346 (S.D. Tx.) case was also helpful, as it was filed in cooperation with *Nguyen's* counsel when *Nguyen* was solely a California class action in an effort to expand recovery for class members and obtain discovery, although it was eventually voluntarily dismissed in favor of the *Nguyen* settlement.[2] The Court also finds that the work performed in the *Kotok v. BMW of N. Am, LLC*, No. 9:10-cv-81254 (S.D. Fla.) and *Hackett v. BMW of N. Am., LLC*, No. 1:10-cv-07731 (N.D. Ill.) cases - which were stayed in order to facilitate settlement through the *Nguyen* case, after plaintiffs were successful on various motions – likely contributed to BMW's agreement to resolve the claims on a nationwide basis in *Nguyen*.

Counsel for *Nguyen* states that the firms litigated the six cases "with great economy" and without engaging the Judicial Panel on Multidistrict Litigation, all of which "saved resources and benefitted the Class." Supplemental Memo. at 11. However, none of the firms provide sufficient detail in their fee

---

[2] The Court cannot say that any benefit was provided to the class by the Wigington firm's work on the *Barney v. BMW of North America, LLC*, No. 2:09-cv-09469 (C.D.C.A.) case, as that case was dismissed mere days after it was filed in the Central District of California. The Court will not grant or consider the 54.40 hours ($27,200 in attorneys fees) and $321.28 costs incurred in connection with *Barney*. *See* Declaration of Josheph M. Dunn, ¶ 15.

2

declarations to demonstrate that duplication of efforts was avoided.[3] For example, the Court does not know how much time was billed by each attorney to attend the mediation sessions in connection with the nationwide class settlement. As the Ninth Circuit has recently confirmed, even in cases where the attorneys fees are paid by defendants directly and do not come out of a common-fund, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935, 941 (9th Cir. 2011).

Class Counsel also argue that their fee request is reasonable based on a "percentage-of-the-fund" cross-check. *See* Motion for an Award of Attorneys Fees at 13-15. However, the "valuation" Class Counsel attempts to place on the Settlement is not well supported. For example, counsel claim that the major benefit provided by the Settlement is the replacement of the HPFPs and the extended warranty. However, those benefits were provided voluntarily by BMW, separate and apart from the parties' Settlement. Class counsel do not expressly argue they were the catalyst for BMW's voluntary Recall and extended warranty. There might be some separate value to the Settlement in mandating that BMW continue to comply with their voluntary Recall and extended warranty, but as BMW pointed out at the Final Approval Hearing, BMW has to answer to its regulators which discourages BMW from attempting to back out of the Recall and extended warranty.[4]

The Court also finds that real value is provided by the Settlement because BMW agreed to extend its warranty to cover a defect in the turbochargers caused by a defect in the wastegates. The extended warranty will provide coverage for 8 years or 82,000 miles. Class Counsel, however, fail to provide an accurate valuation of that benefit to the Class. Counsel contends that their expert believes turbochargers in the Settlement Class Vehicles have a roughly 10% failure rate and the cost of an out of warranty repair is approximately $5,414. Counsel estimated, without support, that if 10% of

---

[3] Including the time spent in the *Barney* case, Class Counsel state that up to March 2012 they have spent 3727.03 hours litigating these cases and that their total lodestar is $1,751,063. *See* Supp. Memo at 12 & n.12. That represents a blended hourly rate of $470 per hour. Without the *Barney* case, the total lodestar is 3672.63 hours.

[4] Class Counsel and BMW agree that at least 90% of the settlement class vehicles have already received the new-generation HPFPs.

3

turbochargers in 200,000 of the Settlement Class Vehicles failed within their first two years, the value of the repairs would be $108,280,000, and therefore, one year of added warranty can be valued at $54,140,000. *See* Motion for Final Approval at 14 & n. 8; Joint Declaration in Support [Docket No. 98] at ¶ 12. Counsel, however, provided no evidence as to when the turbochargers could be expected to fail, *i.e.*, how many fail within the existing 7 year/70,000 mile warranty and how many can be expected to fail in the extended 8th year or after 70,000 miles. Without that information, Class Counsel's estimate as to the value of this part of the settlement is pure speculation.

Finally, the Court recognizes that value has been provided in the Settlement to those class members whose HPFPs failed outside of the Recall. In other words, class members whose HPFPs failed prior to the Recall being announced or failed before their HPFPs could be replaced under the Recall. For these class members, a claims process was offered under the Settlement where they could secure reimbursement for certain out of pocket expenses incurred when their HPFPs failed as well as up to $400 in cash payments (depending on the number of failures) or an $800 purchase credit for another BMW. As neither party provided the Court with any information about how many Class Members qualify to submit claims (*i.e.*, how many HPFPs BMW replaced outside of the Recall) and the claims submission period ended on March 22, 2012, the Court directed the parties and Claims Administrator to file a supplemental declaration "stating: how many class members submitted claims; the amount of out-of-pocket expenses requested by class members; the amount of cash payments requested by class members; and how many purchase credits were requested by class members." March 19, 2012 Order, Docket No 108. The Claims Administrator filed a supplemental declaration stating that roughly 0.8% of the Settlement Class Members had submitted claims (approximately 2300 claims). The Declaration, contrary to the Court's Order, did not address the amount of out-of-pocket expenses requested or the amount of cash payments/purchase credits requested. The Claims Administrator did not ask for additional time or indicate that they could not comply with the Court's Order. As such, the Court cannot place a value on this portion of the Settlement in terms of a cross-check for Class Counsel's request for attorneys fees, although the Court acknowledges that it did provide some small portion of the Class Members a method of recovering monies if they pursued it.

Given the record before the Court – and after having reviewed the dockets of the five other cases

4

litigated by Class Counsel – the Court finds that a reasonable lodestar for this case would be 3000 hours at a blended rate of $470/hour for a total of $1,410,000 in attorneys fees. This figure takes the blended rate effectively sought by Class Counsel in their request, which the Court finds is reasonable. It also omits the time spent on the *Barney* case, and reduces the time claimed by approximately 673 hours to compensate for duplication of effort among counsel. The Court finds that this amount is also reasonable when considered against the moderate value the Settlement provides to the class.

Costs. Plaintiffs seek reimbursement of $79,023.52 in costs incurred in the six cases. The Court, having reviewed the cost breakdowns for each of the Class Counsel firms, find this amount reasonable appropriate, minus the $321.28 incurred by the Wigington firm in the *Barney* case.

The Court finds that awards of $5,000 each for Class Representatives Tim Nguyen and Chris Clyne are appropriate based on the assistance they provided to counsel and the class in this case.

For the foregoing reasons, the Court hereby awards:

1. Class Counsel fees in the amount of $1,410,000 and reimbursement of costs in the amount of $78,642.24.

2. Representative Plaintiffs' service award in the amount of $5,000 each to be paid in accordance with the Settlement Agreement.

3. The benefits and payments described in the Settlement Agreement are the only consideration, fees, and expenses that BMW NA or the Released Persons shall be obligated to provide to the Representative Plaintiffs, Settlement Class Members, and Settlement Class Counsel in connection with this Agreement and the payment of attorneys' fees and reimbursement of expenses.

**IT IS ORDERED**.

Dated: April 20, 2012

SUSAN ILLSTON
United States District Judge

5